ALBERT A. MOERS, Trading as the METAL EXPORT COMPANY OF AMERICA, Respondent, v. DEN NORSKE HANDELSBANK, Appellant.

First Department, March 5, 1920.

Guaranty — expenses of creditor in trying to collect guaranteed account as element of damages — right of creditor who has accepted payment of principal overdue to thereafter collect interest between due date and date of payment — pleading — complaint in action for breach of contract of guaranty — attachment vacated.

The creditor in a contract guaranteeing the due payment of an account, but containing no provision for the payment of interest, cannot recover the amount of expenses which he incurred by reason of the default of the guarantor in paying the account, for, as the action is one brought on a promise to pay a liquidated sum, the measure of damages is identical with the legal rate of interest from the time when payment should have been made.

Such a creditor, who accepted the face of the account from the guarantor sometime after it was due, cannot recover from the guarantor interest on the account from the time it was due till it was paid, for interest can be recovered only as damages for the non-payment on the due date, and interest which is recoverable only by way of damages for the wrongful detention of a debt is but an incident of the principal debt, and cannot be the basis of an independent claim.

Since the complaint in an action to recover damages for an alleged breach of the aforesaid contract of guaranty fails to state facts sufficient to constitute any cause of action against the defendant, his motion to vacate a warrant of attachment should be granted.

APPEAL by the defendant, Den Norske Handelsbank, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 6th day of October, 1919, denying defendant's motion to vacate a warrant of attachment or to modify it by reducing the amount thereof.

*Carl A. Mead* of counsel [*Louis O. Condit* with him on the brief; *Shearman & Sterling*, attorneys], for the appellant.

*Samuel Ecker*, for the respondent.

PAGE, J.:

The action is to recover damages for the alleged breach of a contract of guaranty. The complaint alleges that a Norwegian corporation entered into a contract for the purchase from the plaintiff and the sale by the plaintiff to it of 3,000 boxes of tin plate at an agreed price per box "Terms: payment against shipping documents, bankers guarantee to be placed together with order and irrevocable for one year from date of same." The defendant gave a guaranty of "due payment as above, the guarantee being valid one year from today" (May 8, 1918). In compliance with the agreement and in reliance upon the guaranty of the defendant the plaintiff shipped the said tin plate to the Norwegian corporation and caused to be presented to it the shipping documents for said tin plate, and duly caused a demand to be made on said corporation for payment of $107,961.78, the agreed price of said tin plate, but it failed and refused to pay the same. Thereafter, and on the 24th day of March, 1919, plaintiff duly notified the defendant of failure and refusal of the said corporation to make payment of the said sum, and a demand was duly made upon the defendant for the payment of said sum in accordance with said guaranty, but the defendant, without any cause, failed, neglected and refused to pay, at said time, and thereafter arbitrarily and without cause withheld payment of said sum until the 10th day of May, 1919. From the 24th day of March, 1919, to the 10th day of May, 1919, the plaintiff was compelled to expend money for a trip to Norway for himself and wife, for cablegrams, for lawyers' fees in New York and Norway, and for maintenance of himself and wife in Norway during said period of time, and was deprived of

the interest on the said sum of money from the due date until the date of payment, all in the sum of $2,555.75.

It is well settled that in actions brought on promises to pay a liquidated sum of money, the measure of damages is identical with the legal rate of interest from the time when payment should have been made to the date of payment. The plaintiff, therefore, has no cause of action against the defendant to recover for the various items of expense which he alleges in the complaint he incurred by reason of the defendant's default.

In this case the plaintiff cannot recover interest. There was no contractual obligation to pay interest, and interest can only be allowed as damages for non-payment of the draft on its due date. The complaint alleges that the draft was paid on May 10, 1919. It is settled law that interest recoverable only by way of damages for the wrongful detention of a debt is but an incident to the principal debt, and cannot be the basis of an independent claim. (*Cutter* v. *Mayor, etc.*, 92 N. Y. 166, 170.) Acceptance of the principal sum under protest would not save the right to recover interest, but a special agreement reserving the right to recover interest would do so. (*Grote* v. *City of New York*, 190 N. Y. 235.) In this case there is no allegation of a special agreement; on the contrary, it is alleged that the defendant refused to pay interest.

The principle relied upon by the learned justice at Special Term that payment of a part of a just debt forms no consideration for the discharge of the whole (*Fuller* v. *Kemp*, 138 N. Y. 231; *Nassoiy* v. *Tomlinson*, 148 id. 326; *Mance* v. *Hossington*, 205 id. 33) is not applicable to this case. There was no contract liability of the defendant for interest when the payment of the draft was made. It could not become a debt against the defendant until judgment and would then only become due because allowed as damages. (*Cutter* v. *Mayor, etc., supra*, 171.) If the plaintiff had refused to accept the principal sum and brought an action, interest undoubtedly could have been recovered from the time the demand for payment was made. Payment having been made and accepted no independent right of action remained. As the complaint fails to state facts sufficient to constitute any cause of action against the defendant, the motion to vacate the attachment should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.