MAX BOLLAG, Respondent, v. THE NATIONAL CITY BANK OF NEW YORK, Appellant.

First Department, January 25, 1929.

William Harvey Reeves of counsel [Carl A. Mead with him on the brief; Shearman & Sterling, attorneys], for the appellant.

Osmond K. Fraenkel of counsel [Goldsmith & Fraenkel, attorneys], for the respondent.

MARTIN, J. The plaintiff delivered certain coupons to the defendant for collection which it negligently failed to present until they were outlawed, but retained possession and custody thereof until December 20, 1921. On November 21, 1927, an action to recover damages for breach of contract was commenced against the defendant. The defendant contends that the cause of action accrued in May, 1919, which was the last day when the coupons in question might have been presented for payment. The plaintiff contends that the action was commenced under section 15, subdivision 1, of the Civil Practice Act, which applies to the receipt or detention of property by the defendant acting in a fiduciary capacity, and that the cause of action did not accrue until plaintiff had actual knowledge of the facts, which was not until December 20, 1921.

The correspondence printed as exhibits in this case indicates that at all times up to December 20, 1921, defendant was making continuous efforts to collect these coupons, although it is true that on one occasion it did state to plaintiff that the Republic of Cuba refused to pay the coupons because they were outlawed. This was followed by a letter to the effect that the coupons were being retained until the defendant received some definite information on the subject.

It is conceded that the defendant in September, 1916, received the coupons for collection; that it continued to retain the same until December 20, 1921, when for the first time it definitely stated its inability to collect and suggested the return thereof.

The claim that there was a condition attached to the receipt of the coupons is not supported by the record. It is undisputed that plaintiff did not know until the receipt of the letter of December 20, 1921, that defendant was actually unable to collect the coupons.

The theory upon which the plaintiff has brought this action is

breach of contract. It is admitted that the six-year Statute of Limitations applies to the action. (See Civ. Prac. Act, § 48.) It is the contention of plaintiff, however, that the contract between these parties was a contract to collect; that the National City Bank undertook to collect and kept informing the plaintiff that it was performing the contract and that the same would eventually be performed, until on or about the 20th of December, 1921, when for the first time it definitely stated its inability to perform its contract and suggested the return of the coupons. If the breach of contract occurred at that time then the Statute of Limitations is not a defense to this action. If the breach of contract is to be dated from the time the coupons were outlawed the statute is a defense.

The question involved, therefore, is whether the Statute of Limitations commenced to run at the time the coupons given for collection were outlawed, or at the time the plaintiff obtained knowledge of certain facts.

Under the laws of Cuba, the latest date on which the coupons could be collected was May 28, 1919. The plaintiff's cause of action, if any, for the defendant's breach of contract arose May 28, 1919, the last day on which the alleged contract or any part thereof could be performed, which is more than six years prior to the commencement of this action. The plaintiff seeks to bring its cause of action within the rule that the cause of action did not accrue until it acquired knowledge of the facts.

In *Wakulaw* v. *State Bank* (214 App. Div. 673) this court said: " This action, which is for money had and received, is based upon breach of contract and is governed by the six-year Statute of Limitations, which statute began to run from the time of the breach and not from the time when the plaintiff received knowledge of the facts which he contends constituted the breach of the contract."

It is clear that the defendant breached its contract to collect when it failed to collect within the time allowed by law. The Statute of Limitations began to run from the time when the defendant could have performed its contract. It could not perform after the statute had finally run.

We are of the opinion that a demand was not necessary. Section 15, subdivision 1, of the Civil Practice Act provides as follows:

" Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete, except in one of the following cases:

" 1. Where the right grows out of the receipt or detention of money or property by an agent, trustee, attorney, or other person

acting in a fiduciary capacity, the time must be computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends."

The appellant points out that this provision of the Civil Practice Act has no application because no claim is alleged growing out of the receipt or detention of money by an agent or any other person acting in a fiduciary capacity. The only claim is for damages for breach of contract to collect.

The Statute of Limitations being a defense to the action, the complaint should have been dismissed.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.