The METROPOLITAN SAVINGS BANK, Respondent, *v.* FRIEND L. TUTTLE, as Sole Surviving Executor of and Trustee under the Last Will and Testament of ANGELO UBRIACO, Deceased, and Others, Appellants, Impleaded with Others, Defendants.

Order affirmed, with twenty dollars costs and disbursements, with leave to the defendants-appellants to answer within ten days after service of order, on payment of said costs. No opinion.

Present — Martin, P. J., Townley, Glennon, Dore and Callahan, JJ.; Dore and Callahan, JJ., dissent and vote to reverse and grant the motion; dissenting opinion by Dore, J.

DORE, J. (dissenting). Defendants appeal from denial of their motion to dismiss the complaint under subdivision 5 of rule 106 of the Rules of Civil Practice as not stating facts sufficient to constitute a cause of action.

Plaintiff mortgagee sues to foreclose a $15,000 mortgage made on December 10, 1923, by the terms of which the principal was to be paid December 10, 1928, with interest from December 10, 1923, at five and a half per cent per annum on the first of March next ensuing the date thereof and " semi-annually thereafter in each year." The sole default alleged is that defendants failed to pay interest alleged to be due and payable on March 1, 1940, at six per cent per annum by reason of which plaintiff elected to declare the principal sum immediately due and payable. In effect plaintiff alleges a covenant in 1923 to pay *five and a half per cent* interest and a breach in 1940 for failure then to pay *six per cent*. The bond and mortgage are not annexed to the complaint. But if the contract provides that interest at five and a half per cent is payable " until the principal shall be paid, then the contract governs until payment of the principal * * *." (*O'Brien* v. *Young*, 95 N. Y. 428, 430.) Obviously no cause of action is or can be alleged on the covenant.

Plaintiff's theory is that although the covenant specifies five and a half per cent, the mortgage matured in 1928 and the interest rate by operation of law became six per cent as damages for failure to pay the principal. (*O'Brien* v. *Young, supra,* at p. 429.) The fallacy of that theory as applied to this case is that such legal rate of interest is given only as damages for detention of the principal when legally payable and does not constitute a separate debt capable of a distinct claim. (*Cutter* v. *Mayor,* 92 N. Y. 166, 170, 171.) " It is settled law that interest recoverable only by way of damages for the wrongful detention of a debt is but an incident to the principal debt, and cannot be the basis of an independent claim." (*Moers* v. *Norske Handelsbank,* 191 App. Div. 114, 116 [First Dept. 1920].) In such case the damages arise in an action based on default in payment of the principal debt, the payment of which is legally enforcible when the alleged default occurred. During the emergency and on the date of the alleged default herein, March 1, 1940, no such action based on default for failure to pay the principal was maintainable by reason of the moratorium laws (Civ. Prac. Act, §§ 1077-a, 1077-b, and 1077-c.) Only by reason of default in payment of interest at six per cent on that date did the plaintiff elect to declare the principal sum immediately due and payable. Such rate would be only an incidental item of damages for prior default in failure to pay the principal as a debt due, the present payment of which was then legally enforcible. That is not and cannot be here alleged. Plaintiff is attempting to make damages that are merely consequential to the collection of the principal, as such, the basis of an alleged independent prior claim for interest at six per cent.

The facts as pleaded attempt to allege a cause of action on the contract, viz., the mortgagee's rights in the event of non-payment of *interest.* The mortgagee did not elect, as it might have at maturity on December 10, 1928, before the moratorium laws took effect, to foreclose for non-payment of the principal and six per cent thereon as damages for detention of the principal after maturity. No extension agreement or agreement changing the interest rate is alleged. No default is claimed prior to March 1, 1940. Accordingly the allegation of the maturity date in 1928, nearly twelve years before the claimed default, is an immaterial allegation for the cause of action attempted to be pleaded. No cause of action is alleged either on the covenant or in quasi-contract.

*Title Guarantee & Trust Company* v. *2846 Briggs Avenue, Inc.* (283 N. Y. 512), relied on by plaintiff, is not controlling. There an extension agreement expressly requiring interest at six per cent was thereafter modified by reducing the interest to five per cent to the date of maturity, and the motion to dismiss was made under sections 1077-e and 1077-cc of the Civil Practice Act. The Court of Appeals pointed out that in 1937 the statute deleted the words " any agreement reducing such rate " and, therefore, the rate was determined by the rate fixed in the prior obligation, *i. e.,* the extension agreement, or six per cent. Here the motion is made not under the special provisions of section 1077 of the Civil Practice Act, but generally under rule 106 of the Rules of Civil Practice for legal insufficiency. No facts are alleged showing any duty of defendants arising out of a covenant or otherwise to pay interest at six per cent when the default for non-payment is alleged.

*Tuttle* v. *Metropolitan Savings Bank* (30 N. Y. Supp. [2d] 347) is not, for this court, the law of the case (*Walker* v. *Gerli,* 257 App. Div. 249); nor is it *res judicata*

here. That case involved the application of section 1077-cc of the Civil Practice Act and an agreement to reduce the interest rate to five per cent, issues that are not here presented or litigated. Nor is *Metropolitan Savings Bank* v. *Yonowsky* (259 App. Div. 873) controlling, as that case also involved the application of section 1077-cc of the Civil Practice Act.

We may, I think, take judicial notice of the fact that the majority of mortgages outstanding in this jurisdiction are what is known as open mortgages; that is, mortgages the maturity of which has arrived but which have not been called. If this plaintiff, holder of an old mortgage uncalled for twelve years after maturity, can by the device attempted increase the rate to six per cent, all other mortgagees similarly situated may do so and thereby place additional onerous burdens upon the owners of real estate in the community who are already overburdened. We should not sustain such practice unless compelled to do so by controlling and applicable principles of law.

In *Metropolitan Savings Bank* v. *Tuttle* (261 App. Div. 1058; order resettled, 262 id. 743) this court reversed an order denying a prior motion to dismiss this plaintiff's complaint. We held there was no default shown and no cause of action for foreclosure of the mortgage herein when that complaint was served, and that the defect was not cured by a supplemental complaint alleging a default occurring thereafter; such dismissal, however, was without prejudice to instituting a new action.

The present complaint also fails to state any cause of action, and on the facts disclosed this plaintiff cannot state a cause of action increasing the interest rate to six per cent. Accordingly I dissent from the affirmance of the order holding the complaint good, and recommend that the order be reversed and the complaint dismissed, with costs and disbursements, and without the privilege of repleading.

Callahan, J., concurs.