*36 OPINION OF THE COURT
Cooke, J.
The concern on this appeal is whether an action by the payee of a check against a collecting bank for wrongfully collecting the instrument over a forged indorsement is timely if brought within six years of accrual.
Plaintiff Rochelle Hechter was named as payee on three checks issued in April, 1970. Two of these negotiable instruments were drawn by New York Life Insurance on Morgan Guaranty Trust Company, while the third, issued by United Benefit Life Insurance, had as its drawee the Omaha National Bank. In the aggregate, the checks represented more than $135,000 in life insurance proceeds payable to Mrs. Hechter on the death of her husband. It is alleged that one Emanuel Pavsner, who at the time served as plaintiff’s attorney, was authorized to deposit the checks in a bank account bearing her name. Instead of doing so, Pavsner forged Mrs. Hechter’s indorsement on the instruments and deposited them in his personal account maintained at defendant Chemical Bank. Chemical initiated collection of the checks,[1] which were subsequently honored by the respective drawee banks. Needless to say, Pavsner withdrew all the funds from his account, apparently misappropriating the portion belonging to Mrs. Hechter. A 1974 action against the attorney terminated in a default judgment which remains wholly unsatisfied.
Contending that defendant Chemical Bank wrongfully collected the checks over forged indorsements, plaintiff commenced the present lawsuit on December 1, 1975, more than five years after the instruments were deposited. Following joinder of issue, Chemical moved for summary judgment on the ground, inter alia, that the action was time-barred.[2] Special Term denied the motion, deferring decision on the Statute of Limitations issue until presentation of the facts at trial. A unanimous Appellate Division affirmed, without opinion, later granted leave to appeal to this court, and certified for our *37 review the question: "Was the order of the Supreme Court, as affirmed by this Court, properly made?” We now affirm, and hold that defendant’s Statute of Limitations defense is without merit.
Prior to enactment of the Uniform Commercial Code, it was the settled law of this State that the payee of a negotiable instrument possessed a valid cause of action against a bank which had collected the instrument over the payee’s forged indorsement (e.g., Moch Co. v Security Bank of N. Y., 176 App Div 842, affd 225 NY 723; see, also, White, Some Petty Complaints About Article Three, 65 Mich L Rev 1315, 1333, n 58). Not atypically, such an action could be styled in either conversion or contract (see, e.g., Hillsley v State Bank of Albany, 18 NY2d 952, affg 24 AD2d 28; Henderson v Lincoln Rochester Trust Co., 303 NY 27; see, also, Kessler, Forged Indorsements, 47 Yale LJ 863, 874-875). Of course, the underlying actionable conduct was more akin to conversion than, breach of contract, but the law would allow the plaintiff to disregard the tort and sue in assumpsit (see, e.g., United States Portland Cement Co. v United States Nat. Bank, 61 Col 334; Kessler, Forged Indorsements, 47 Yale LJ 863, 874). That this contract action had as its theoretical basis the well-known common-law action for money had and received is made clear by Henderson v Lincoln Rochester Trust Co. (supra, at p 32, quoting National Union Bank v Miller Rubber Co., 148 Md 449, 455-456): " 'Where, however, a collecting bank cashes a check on a forged endorsement a different principle applies. There the collecting bank on the forged endorsement acquires no title whatever to the paper because the endorsement, its only source of title, is a nullity. It therefore is wrongfully in possession of the check and in equity and good conscience holds it for the payee. If, while in possession of it, it by means of the forged endorsement collects it, then it holds the proceeds of the collection in the same way for the payee, and that relationship creates a privity between it and the payee. And if the payee elects to ratify the collection of the check by the collecting bank he may recover from it the amount collected.’ ” As is true in any instance where the plaintiff elects to waive the tort and pursue his action on a contract theory (see Dentists’ Supply Co. of N. Y. v Cornelius, 306 NY 624, affg 281 App Div 306), a payee suing a collecting bank in contract was entitled to the benefit of the six-year Statute of Limitations (see, e.g., Henderson v Lincoln Rochester Trust *38 Co., 303 NY 27, 32, supra; Moch Co. v Security Bank of N. Y., 176 App Div 842, affd 225 NY 723, supra).
With the advent of the Uniform Commercial Code, doubt was cast upon the continued viability of any cause of action against a collecting bank which had dealt with an instrument in accordance with "reasonable commercial standards” (Uniform Commercial Code, § 3-419, subd [3]; see Hutzler v Hertz Corp., 39 NY2d 209, 217, n 3). We need not address the question of when a collecting bank is liable for paying out or collecting over a forged indorsement, however, as defendant has consciously chosen at this juncture to rely solely upon a Statute of Limitations defense.[3] Nonetheless, the provisions of the Uniform Commercial Code are relevant to our present inquiry, since defendant premises its argument upon a change of law allegedly worked by that statute. Reduced to its essence, defendant’s contention is that section 3-419 (subd [1], par [c])[4] of the Uniform Commercial Code abolishes the precode contract action against a collecting bank, restricting the payee’s remedy to a suit in conversion with its attendant three-year limitation period (CPLR 214).
 To adopt this position would be to evince a fundamental misapprehension concerning the nature of the pre-code contract cause of action. That action is but a specific application of the common-law maxim that a litigant may abandon his tort cause of action in favor of one grounded in contract (see, generally, Terry v Munger, 121 NY 161). Nothing in the express language of section 3-419 of the Uniform Commercial Code can be read to sweep aside this historic principle. Indeed, the section adopts the common-law view which holds payment or collection over a forged indorsement to be a classical instance of conversion (see Uniform Commercial Code, § 3-419, Official Comment 3). Left undisturbed is the plaintiffs right to *39 elect a contract rather than tort remedy, and concomitantly, to shroud his claim in the longer six-year Statute of Limitations. Contrary to defendant’s assertion, our decision in Hutzler v Hertz Corp. (39 NY2d 209, supra) does not suggest otherwise. There, we merely noted, by way of dictum, the uncertainty surrounding a collecting bank’s continued liability under the code (see Hutzler v Hertz Corp., supra, at p 217, n 3). We did not in any way imply that such liability, if it continues to exist, may be asserted only in a conversion action.
 We also decline, as we must, defendant’s invitation to infer a legislative intent to abolish the contract cause of action. Standing as a barrier to any such abrogation by implication is section 1-103 of the Uniform Commercial Code which advises us that "[u]nless displaced by the particular provisions of this Act, the principles of law and equity * * * shall supplement its provisions” (emphasis supplied). Under the plain import of this section, nothing short of an express code provision limiting plaintiffs remedy to a conversion suit would suffice to destroy the action ex contractu. Apart from the code, moreover, it is a general rule of statutory construction that a clear and specific legislative intent is required to override the common law (see, e.g., Matter of Sullivan Co., 289 NY 110, 115; Jones v City of Albany, 151 NY 223, 228). We find no unambiguous intent to abolish the precode law in this case. To the contrary, section 3-419 reveals an expectation on the part of the code’s draftsmen which is at odds with defendant’s position. Subdivision (3) of section 3-419 states that, when certain conditions are satisfied, a depositary or collecting bank "is not liable in conversion or otherwise” to the true owner of an instrument (emphasis supplied). The "or otherwise” language, rather than indicating an intent to eliminate common-law theories of recovery, suggests that all precode actions regardless of form are to continue, subject to whatever limitations are prescribed by section 3-419 (see, e.g., Note, Depositary Bank Liability Under Section 3-419 (3) of the Uniform Commercial Code, 31 Wash & Lee L Rev 676, 685, n 52). In any event, it is clear that the Legislature has not spoken in the unmuted strains necessary to displace the common law.
In sum, under today’s decision, a cause of action against a bank for collecting an instrument over a forged indorsement *40 is not time-barred if it is styled in contract and commenced within six years of accrual (CPLR 213).
Accordingly, the order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Fuchsberg taking no part.
Order affirmed, etc.

. Under section 4-105 of the Uniform Commercial Code a collecting bank is "any bank handling the item for collection except the payor bank”. Thus, there is no doubt in the instant case as to Chemical’s status as a collecting bank.

. Chemical also urged that the instruments were not forged, inasmuch as Mrs. Hechter had authorized Pavsner to inscribe her signature. On appeal, Chemical does not attack Special Term’s finding that genuine factual issues exist with respect to this issue.

. While we express no opinion on the question, we note that a number of courts have already held depositary or collecting banks liable in situations analogous to the instant one (see, e.g., Cooper v Union Bank, 9 Cal 3d 371; see, generally, White and Summers, Uniform Commercial Code, § 15-4, pp 499-509; Comment, Payee v. Depositary Bank: What is the UCC Defense to Handling Checks Bearing Forged Indorsements?, 45 U Col L Rev 281, 289-304), despite the immunization language in subdivision (3) of section 3-419. Since defendant has not raised this issue, we decline to reach it at this time.

. Section 3-419 provides in pertinent part:
"(1) An instrument is converted when
* * *
"(c) it is paid on a forged indorsement.”