■ MICHAEL SPIELMAN et al., as Trustees of PRODUCTION WORKERS UNION LOCAL 148 WELFARE FUND, Respondents v MANUFACTURERS HANOVER TRUST COMPANY, Defendant, and CHEMICAL BANK, Appellant. — In an action, *inter alia,* to recover damages for conversion, defendant Chemical Bank appeals from an order of the Supreme Court, Queens County (Giaccio, J.), dated March 25, 1981, which granted plaintiffs' motion for summary judgment against it and denied its cross motion for summary judgment dismissing the complaint. Order affirmed, with $50 costs and disbursements. Plaintiffs, as trustees of an employee benefit fund, maintained an account with defendant Manufacturers Hanover Trust Company. In early 1978, the fund's then-attorney represented to plaintiffs that a lawsuit pending against the fund could be settled for $16,500; he directed plaintiffs to execute and deliver to him a check in that amount, drawn to the order of the law firm representing the other party. Plaintiffs did so. Thereafter, in the course of collection the check was presented by Chemical, the depositary bank, to plaintiffs' bank, Manufacturers, which charged their account accordingly. Plaintiffs subsequently ascertained that their attorney's representations had been false and that the handwritten indorsement on the back of the check ("Pay to special acct # 012-043478 [the purported indorsement of the payee law firm was written in] FOR DEPOSIT ONLY SPECIAL ACCT # 012-043478") had been forged by the attorney before the check was deposited in an account with that number but in his own name at Chemical, with which the payee law firm had no account under any name. Chemical does not dispute these facts, and it correctly notes that it could not be held liable for paying over the forged indorsements because the forger was the drawer's own agent and therefore the indorsement was effective for purposes of negotiation under section 3-405 (subd [1], par [c]) of the Uniform Commercial Code. Chemical is, however, liable for violating its obligation under subdivision (3) of section 3-206 of the Uniform Commercial Code by failing to pay on the instrument in accordance with its restrictive indorsement. We reject Chemical's attempt to sever the language of the restrictive indorsement ("FOR DEPOSIT ONLY") from the language of the special indorsement ("Pay to special acct") because the clear indication of both directions (to deposit and to pay) was to deposit the check in the one account identified by a number. The only issue is whether Chemical was put on inquiry by virtue of the fact that the payee law firm, which purportedly indorsed the check for deposit at Chemical, had no account at that bank. Chemical would have us hold that the account was sufficiently identified by the bare number alone; this we decline to do. Absent a clear indication in the indorsement to the contrary, the words "for deposit only" mean for deposit into the account of the payee-indorser, not into that of the person presenting the instrument for negotiation. (See *Underpinning & Foundation Constructors v Chase Manhattan Bank, N. A.,* 46 NY2d 459; *Soma*

*v Handrulis,* 277 NY 223, 232-234; *Merrill Lynch, Pierce, Fenner & Smith v Chemical Bank,* 82 AD2d 772.) Accordingly, Special Term properly granted summary judgment to plaintiffs and against Chemical. Gibbons, J. P., Weinstein, O'Connor and Boyers, JJ., concur.