*960 OPINION OF THE COURT
Arthur B. Curran, J.
Defendant, the Merchants National Bank and Trust Company of Syracuse, moves for an order pursuant to CPLR 3212 granting summary judgment and dismissing the complaint of plaintiff James Crockford. Plaintiff cross-moves for summary judgment dismissing the defenses set forth by defendant.
The facts underlying this action are as follows: The Social Security Administration issued a check dated December 5, 1979, payable to plaintiff, James Crockford, for $7,401 representing past due disability benefits. The check was stolen before plaintiff received it and cashed at defendant bank upon the forged indorsement of an alleged thief. The forged indorsement determination was made by the United States Treasury Department. In 1985, plaintiff filed a claim with the Department of the Treasury seeking reimbursement on the check. On or about October 16, 1985, the bank forwarded to the Department of the Treasury its check No. 201443 made payable to the Federal Reserve Bank of New York in the sum of $7,401 as reimbursement to plaintiff for the alleged forged check. The Social Security Administration then issued another check to plaintiff for $7,401. Plaintiff’s complaint alleges that he has received full reimbursement on said check. After receipt of reimbursement, plaintiff initiated this action against defendant bank for damages to recover interest on the amount of the allegedly forged check.
The New York State Uniform Commercial Code § 4-207 (4) states that an action against a collecting bank for paying on an allegedly forged indorsement must be commenced within a reasonable time.
The Court of Appeals in Hechter v New York Life Ins. Co. (46 NY2d 34 [1978]) held that an action by the payee of a check against a collecting bank for wrongfully collecting the instrument over a forged indorsement is timely if brought within six years of accrual. Hence, the defendant’s defense that plaintiff was guilty of laches for bringing the action five years after the forged instruments were deposited was rejected. "In sum, under today’s decision, a cause of action against a bank for collecting an instrument over a forged indorsement is not time-barred if it is styled in contract and commenced within six years of accrual” (Hechter v New York Life Ins. Co., 46 NY2d, at pp 39-40, citing CPLR 213).
Thus, plaintiff’s cause of action will not be time barred by reason of UCC 4-207 (4) and/or laches.
*961 The New York State Uniform Commercial Code § 3-419 (3) provides: "Subject to the provisions of this Act concerning restrictive indorsements a representative, including a depository or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.”
However, Hechter (supra) declined to prevent a plaintiff from pursuing an action in common law. Hechter did not abolish any precode or common-law contract action against the collecting bank. "Standing as a barrier to any such abrogation by implication is section 1-103 of the Uniform Commercial Code which advises us that '[u]nless displaced by the particular provisions of this Act, the principles of law and equity * * * shall supplement its provisions’ * * * [u]nder the plain import of this section, nothing short of an express code provision limiting plaintiff’s remedy to a conversion suit would suffice to destroy the action ex contractu. Apart from the code, moreover, it is a general rule of statutory construction that a clear and specific legislative intent is required to override the common law (see, e.g., Matter of Sullivan Co., 289 NY 110, 115; Jones v City of Albany, 151 NY 223, 228). We find no unambiguous intent to abolish the precode law in this case * * * Subdivision (3) of section 3-419 states that, when certain conditions are satisfied, a depository or collecting bank 'is not liable in conversion or otherwise’ to the true owner of an instrument * * * [t]he 'or otherwise’ language, rather than indicating an intent to eliminate common-law theories of recovery, suggests that all precode actions regardless of form are to continue, subject to whatever limitations are prescribed by section 3-419 * * * [i]n any event, it is clear that the Legislature has not spoken in the unmuted strains necessary to displace the common law.” (Hechter v New York Life Ins. Co., supra, p 39.)
In the case at bar, the court rules that the bank will not be absolved from liability under the Uniform Commercial Code and common law by UCC 3-419. (See also, Ervin v Dauphin Deposit Trust Co., 38 Pa D & C 2d 473; White Lbr. Co. v Crocker-Citizens Natl. Bank, 253 Cal App 2d 368, 61 Cal Rptr 381.)
The final issue before the court is whether plaintiff is *962 entitled to interest as part of his damages or whether payment of the principal vitiates plaintiffs claim to interest.
Defendant contends that plaintiffs complaint fails to state a cause of action for any rights to interest when plaintiff accepted a check for the full amount of principal due and owing. The general rule is that, absent contractual liability, interest is only recoverable as an incident to the principal debt. Once the principal debt has been paid, a separate suit for interest may not be maintained. (Moers v Den Norske Handelsbank, 191 App Div 114; Cutter v Mayor of N. Y., 92 NY 166.)
However, in the Moers and Cutter cases (supra) payment of the principal sums due were made to plaintiff by defendant. In the case at bar, the plaintiff did not receive payment from the defendant bank, the payment was made by the Social Security Administration. Defendant paid the United States Government after demand from the United States Government and not plaintiff. Payment was demanded pursuant to Federal law and 31 CFR 240.4, whereby the presenting bank is deemed to guarantee the genuineness of indorsements on checks presented to the Treasury for payment: "The presenting bank and the indorsers of a check presented to the Treasury for payment are deemed to guarantee to the Treasury that all prior indorsements are genuine, whether or not an express guaranty is placed on the check. When the first indorsement has been made by one other than the payee personally, the presenting bank and the indorsers are deemed to guarantee to the Treasury, in addition to other warranties, that the person who so indorsed had unqualified capacity and authority to indorse the check in behalf of the payee.”
31 CFR 240.5 (a) provides the Treasury with the right to demand a refund from the presenting bank when the check is found to bear a forged and/or unauthorized indorsement: "The Treasury has the right to demand refund from the presenting bank of the amount of a paid check if after [payment, the check] is found to bear a forged or unauthorized indorsement, or an indorsement by another for a deceased payee * * * where the right to the proceeds of such check terminated upon the death of the payee, or * * * to contain any other material defect or alteration which was not discovered upon first examination. If refund is not made, the Treasury will take such action against the proper parties as may be necessary to protect the interest of the United States”.
In accord with the Federal statutes, the payment by defen *963 dant to the United States Government was not merely a transfer payment (defendant’s payment to the Social Security Administration did not obligate the United States Treasury to then pay the plaintiff). The payment eventually made to plaintiff by the Social Security Administration was based upon past due benefits owed to plaintiff.
The New York State Court of Appeals has ruled that when a bank obtains possession of a check with a forged indorsement of the payee, the bank is liable for the proceeds thereof to the payee. A depository bank collecting on a check held the proceeds for which it has a quasi-contractual obligation to pay only the true owner.
Defendant had the use of plaintiffs funds for a period of almost six years. The United States Government reimbursed plaintiff the entire $7,401 amount after plaintiffs attorney wrote to defendant demanding full payment plus interest.
The court rules that the payment by the Government to plaintiff is a mitigation or lessening of damages in plaintiffs suit brought against Merchants National Bank. The court is in accord with plaintiffs reasoning that plaintiff could not sue defendant for the amount of the check, since the Government replaced it before plaintiff commenced an action. To allow a suit against defendant for the principal amount due would result in unjust enrichment.
In conclusion, the court denies defendant’s motion for summary judgment on the basis that plaintiffs complaint states a cause of action for interest and grants plaintiffs cross motion for summary judgment dismissing the defenses of defendant, numbered "First”; "Second”; "Third”; "Fourth”; "Fifth”; "Eighth”; "Ninth”; "Tenth”; and "Eleventh”. The amount of damages recoverable and whether any amount should be reduced by an amount as determined by law relating to the proportion that plaintiffs own culpable conduct bears to the total amount of culpability are issues of fact that will be resolved by the trier of fact for this action. Costs and disbursements to either side are hereby denied.