■ NELSON GONZALEZ, Appellant, v ANCHOR BANK CORP., INC., Doing Business as ANCHOR SAVINGS BANK, Respondent. (And a Third-Party Action.) [666 NYS2d 151] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 12, 1996, which, in an action against a bank to recover a deposit made on behalf of a minor, denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint as time-barred, unanimously affirmed, without costs.

The interest-bearing bank account at issue was opened jointly in the name of plaintiff and his mother in 1978 to hold the $15,000 proceeds from the settlement of the then infant plaintiff's personal injury action pursuant to the terms of an infant's compromise order. The order provided that such proceeds were payable, upon demand, on presentment of proper proof that plaintiff had reached 18 years of age. According to plaintiff, he went to defendant bank on May 24, 1986 to withdraw all monies on deposit and was told that his account had been closed on March 29, 1985, his eighteenth birthday, by a woman identifying herself as his mother and a young man identifying himself as plaintiff. This action was commenced on April 20, 1992, more than seven years after his account was closed.

Since defendant bank was no longer subject to article 6 of the Banking Law inasmuch as it was chartered as a Federal mutual savings bank in 1980, plaintiff may not avail himself of the 20-year Statute of Limitations prescribed in Banking Law § 239 (7) (*see*, Banking Law § 2 [4]; § 229 [1]), and his action, whether characterized as one for recovery by a depositor of money paid upon an unauthorized signature (*see*, Banking Law § 676) or one for money had and received, is governed by the six-year period of limitations applicable to actions upon a contractual obligation (CPLR 213 [2]; *see*, *Hechter v New York Life Ins. Co.*, 46 NY2d 34, 39-40; *Schreibman v Chase Manhattan Bank*, 15 AD2d 769, 770-771). Thus, inasmuch as any cause of action on plaintiff's behalf accrued on March 29, 1985, the date of the bank's allegedly improper payment and not on the subsequent date when he received knowledge of defendant's alleged breach (*see*, *Bollag v National City Bank*, 225 App Div

218; *Wakulaw v State Bank*, 214 App Div 673, 677), the complaint was properly dismissed as time-barred.

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Williams and Andrias, JJ.