# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1301**
**CA 12-01669**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

L.D. BURTON, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MANUFACTURERS AND TRADERS TRUST COMPANY,
DEFENDANT-RESPONDENT.

---

L.D. BURTON, PLAINTIFF-APPELLANT PRO SE.

THOMAS K. FREDERICK, BUFFALO, FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 1, 2012. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action in September 2011 to recover monies that he had on deposit with defendant, alleging that the monies were wrongfully distributed by defendant to his former legal guardian. Defendant moved for summary judgment dismissing the complaint on the ground that the action was time-barred, and we conclude that Supreme Court properly granted the motion. "As a general principle, the statute of limitations begins to run when a cause of action accrues (*see* CPLR 203 [a]), that is, 'when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court' " (*Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d 765, 770, quoting *Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175). Contrary to plaintiff's contention, his cause of action accrued, at the latest, on December 28, 2000, when his former legal guardian closed the account (*see Gonzalez v Anchor Bank Corp*., 245 AD2d 132, 132; *see generally Hahn Automotive Warehouse, Inc.*, 18 NY3d at 770). Plaintiff's action, which is governed by a six-year statute of limitations (*see* CPLR 213 [2]; *Gonzalez*, 245 AD2d at 132-133; *see also Hechter v New York Life Ins. Co.*, 46 NY2d 34, 39-40) is therefore untimely. Plaintiff's additional contention based on UCC 4-406 is raised for the first time on appeal and is therefore not properly before us (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered: December 27, 2013                          Frances E. Cafarell
                                                    Clerk of the Court