Orbach v Ali (2024 NY Slip Op 51313(U))

[*1]

Orbach v Ali

2024 NY Slip Op 51313(U)

Decided on September 24, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 24, 2024
Supreme Court, New York County

Gary A Orbach, Plaintiff,

against
Itrat Ali, BANK OF AMERICA, N.A., and JOHN DOES, Defendants.

Index No. 650485/2024

Bocchi Law LLC, Lake Success, NY (Anthony S. Bocchi of counsel), for plaintiff.
McGuireWoods LLP, New York, NY (Shan P. Massand of counsel), for defendant Bank of America, N.A.

Gerald Lebovits, J.

This action arises from defendant Itrat Ali's alleged misappropriation of funds paid to plaintiff, Gary A. Orbach, while Ali was serving the office manager for Orbach's dental practice.[FN1]
The complaint alleges that Ali have deposited the misappropriated funds—approximately $400,000—into an account she controlled at defendant Bank of America, N.A.[FN2]
The complaint also alleges that Bank of America twice, eight months apart, flagged transactions by Ali as suspicious, but limited its investigation to contacting Orbach's office and [*2]speaking only to Ali; and that it was only on Bank of America's third investigation of Ali's banking transactions that the bank spoke to Orbach himself and uncovered the misappropriation.
Orbach has brought this action against Ali and against Bank of America, asserting claims for fraud, common-law conversion, conversion in violation of UCC 3-419, unjust enrichment, and negligence. Bank of America now moves to dismiss Orbach's negligence claim against it (the complaint's sixth cause of action). The motion is granted.
1. Bank of America argues that Orbach's negligence claim against it is duplicative of Orbach's UCC 3-419 claim against it for conversion of negotiable instruments. The Appellate Division does not appear to have addressed this particular question. Considering the matter for itself, the court agrees with Bank of America in part.
The court concludes that the part of Orbach's negligence claim based on the allegation that Ali forged Orbach's endorsement on checks made out to him, and then deposited the checks in a Bank of America account, is duplicative of Orbach's UCC 3-419 claim. Section 3-419 addresses the precise conduct for which Orbach seeks to hold Bank of America liable in negligence, namely the bank's allegedly paying on a check (to Ali) based on a forged endorsement. (See UCC 3-419 [1] [c].) Moreover, § 3-419 defines the measure of any liability of the bank for that conduct, if proven—both if the bank's conduct conformed to "reasonable commercial standards applicable to the business" of the bank and if it did not. (See § 3-419 [2]-[3].) To that extent, therefore, Orbach's negligence claim duplicates the UCC 3-419 claim and must be dismissed on that ground. (See Tripp & Co., Inc. v Bank of NY (Del), Inc., 2010 NY Slip Op 51274[U], at *5 [Sup Ct, NY County 2010] [dismissing plaintiff's negligence claim as duplicative of its UCC 3-419 claim].)
Orbach misplaces his reliance on the Court of Appeals's decision in Hechter v New York Life Insurance Co. (46 NY2d 34, 39 [1978]). Hechter held only that "a cause of action against a bank for collecting an instrument over a forged indorsement is not time-barred if it is styled in contract and commenced within six years of accrual." (Id. at 39-40.) The Hechter Court explained that New York's adoption of the UCC was not intended impliedly to abrogate the existing common-law contract cause of action with respect to forged indorsements of negotiable instruments, and that cause of action's corresponding six-year limitations period. (Id. at 38-39.)
Hechter did not, however, have occasion to address whether a common-law negligence claim could be asserted instead of, or in addition to, a claim under UCC 3-419. At most, Hechter said, in dicta, that the language of § 3-419 "suggests that all pre-code actions regardless of form are to continue, subject to whatever limitations are prescribed by" that statute. (Id. at 39.) That is different, however, from holding that (i) a pre-UCC plaintiff could bring separate tort claims sounding in conversion and in negligence based on the same forged-endorsement facts, and (ii) the terms of § 3-419—including its delineation of the scope of damages—still leave sufficient scope for a distinct negligence claim to operate. Neither the parties, nor indeed this court, have identified post-Hechter cases reaching this result. And the court does not see a basis for doing so here.
2. The court reaches a somewhat different conclusion with respect to the part of Orbach's negligence claim based on the allegation that Ali directed Orbach's patients to pay by check made out to "Cash," with Orbach's name appearing only in the memo line. This court is skeptical that UCC 3-419 (1) (c) would cover this scenario. A check made out to "Cash" is payable to the bearer. (See UCC 3-111 [c].) If Ali then endorsed one of those checks and deposited it in her [*3]account, it is unclear to the court that her endorsement would qualify as "forged" for purposes of UCC 3-419, because that endorsement would not be made falsely in the name of a specific payee. And the court has not found any New York case addressing this question.
This court need not definitively resolve that question here, though. Even assuming that Orbach could bring a negligence claim against Bank of America with respect to the checks made out to "Cash," this court agrees with Bank of America's alternative argument that the claim would fail to state a cause of action. Orbach does not allege that he had an account at Bank of America. And for common-law negligence purposes, banks generally "'do not owe non-customers a duty to protect them from the intentional torts of their customers.'"[FN3]
(Wang v TD Ameritrade Holding Corp., 2024 NY Slip Op 51129[U], at *2 [Sup Ct, NY County 2024], quoting Winkler v Battery Trading, 89 AD3d 1016, 1018 [2d Dept 2011].)
Additionally, in the specific context of negotiable instruments, Orbach identifies no New York authority—and this court's research has found none—for the proposition that a bank in which a check is deposited owes a tort duty to a party who is neither the drawer, the drawee, nor the named payee of the check. Orbach points to Underpinning & Found. Constructors v Chase Manhattan Bank, N.A. (61 AD2d 628 [1st Dept 1978], affd 46 NY2d 459 [1979]). But that decision addressed a claim brought by the drawer of a check against the depositary bank for accepting a check without inquiring about a contrary restrictive endorsement on the check, and relied on existing precedent on a bank's obligations to drawers when checks contain restrictive endorsements. (See id. at 630-631.) Although Underpinning rejects the argument that "the now less than conclusive doctrine of privity is sufficient to immunize the bank from a direct action by the drawer" (id. at 631), that is different from holding that a depositary bank has a common-law tort duty to a party who, as far as appears from the face of the check, has no connection to the transaction. And absent a duty, there can be no claim in negligence.
Accordingly, it is
ORDERED that defendant Bank of America's motion to dismiss Orbach's sixth cause of action in negligence is granted; and it is further
ORDERED that the remaining claims and defenses in this action are severed and shall continue; and it is further
ORDERED that the parties shall appear before this court for a telephonic preliminary conference on October 7, 2024.
DATE 9/24/2024

Footnotes

Footnote 1:Itrat Ali is also known as Itrat Waseem. The parties' papers on this motion refer to her as Waseem. The court instead refers to her as Ali in this decision to conform to the caption of the action.

Footnote 2:Ali has been indicted on charges of grand larceny in Supreme Court, New York County, Criminal Term. That prosecution remains ongoing. (See NYSCEF No. 7 [records relating to the prosecution].)

Footnote 3:It is undisputed that Ali was a Bank of America customer. The complaint does not allege that Orbach was as well.