# Jacob Feinberg Katz & Michaeli Consulting Group, LLC v Bazurto

2025 NY Slip Op 32302(U)

June 30, 2025

Supreme Court, New York County

Docket Number: Index No. 156965/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**                    PART          47

                                      *Justice*

-------------------------------------------------------------------------------X

JACOB FEINBERG KATZ & MICHAELI CONSULTING
GROUP, LLC,

                          Plaintiff,

                     - v -

JANDRY BAZURTO, CHARLES SCHWAB AND CO. INC.

                          Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156965/2024 |
| MOTION DATE | 02/24/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 41, 42, 43, 44, 45, 47, 48, 49

were read on this motion to/for                          DISMISS                          .

Upon the foregoing documents, it is

In this action, plaintiff, Jacob Feinberg Katz & Michaeli Consulting Group, LLC

("JFKM"), accuses its former bookkeeper, defendant Jandry Bazurto ("Bazurto") of fraudulently

depositing checks payable to JFKM by its clients, and checks written by JKFM for payment to

various third-parties into his personal bank account at Charles Schwab and Co., Inc ("Schwab").

Schwab moves pursuant to CPLR § 3211(a)(7) to dismiss the seventh, eighth, and ninth causes

of action as against it arguing that plaintiff's allegations fail to state a cause of action for the

claims asserted and are duplicative of other causes of action.

## BACKGROUND

Bazurto worked as a bookkeeper for JFKM, an engineering consulting firm, from 2014 to

2024 (NYSCEF Doc No 20 ¶ 11). Bazurto's duties at JFKM included sending invoices to

JFKM's clients, receiving client payments, and depositing those payments into JFKM's bank

accounts (*id*. at ¶ 14). Bazurto also input vendors' invoices into JFKM's bookkeeping system

**156965/2024   JACOB FEINBERG KATZ & MICHAELI CONSULTING GROUP, LLC vs. BAZURTO, JANDRY**
**Motion No.  002**

Page 1 of 8

1 of 8

[* 1]

and wrote checks to pay for the invoices, which were required to be provided to and signed by a JFKM partner (*id*. at ¶ 15).

JFKM alleges that it recently discovered that beginning in 2021, Bazurto had been illegally diverting checks from JKFM and depositing them into his personal bank account at Schwab (*id*. at ¶ 23). Bazurto allegedly intercepted checks received from JKFM's clients, fraudulently indorsed them by writing "For Deposit Only" on the back of the checks, and then deposited them into his Schwab account (*id*. at ¶ 25). JFKM further alleges that Bazurto wrote false checks to JFKM vendors, similarly indorse them with "For Deposit Only" and then deposited them into his personal account (*id*. at ¶ 28). JFKM alleges that Schwab consistently accepted these checks despite the payee name (either JFKM, or one of various third-party vendors), not matching the name associated with Bazurto's Schwab account (NYSCEF Doc No 20 at ¶ 29).

JFKM alleges that Bazurto diverted and stole at least over $1.2 million in payments due to JFKM and caused damages exceeding $3.5 million (*id*. at ¶ 31). JFKM asserts nine causes of action, six as against Bazurto for: (1) Fraud; (2) Breach of Fiduciary Duty; (3) Faithless Employee Doctrine; (4) Conversion; (5) Unjust Enrichment; and (6) Imposition of a Constructive Trust; and three as against Schwab for: (7) Violation of UCC § 3-419; (8) Negligence; and (9) Moneys Had and Received.

**DISCUSSION**

*Failure to State a Cause of Action*

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as

**156965/2024   JACOB FEINBERG KATZ & MICHAELI CONSULTING GROUP, LLC vs. BAZURTO, JANDRY**
**Motion No.  002**

**Page 2 of 8**

2 of 8

alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, [a court is] not authorized to assess the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]). Further "[i]n assessing a motion under CPLR 3211(a)(7), ... the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one" (*Eccles v Shamrock Capital Advisors, LLC*, 2024 NY Slip Op 02841 [Ct App May 23, 2024] [internal quotations omitted]).

*Conversion under UCC § 3-419*

Schwab argues that plaintiff's cause of action under NY UCC § 3-419 must be limited to "inbound" checks – that is, checks written by third parties with the payee listed as JFKM – which Bazurto deposited into his Schwab account. Schwab argues it cannot be held liable for "outbound" checks – that is, checks that JFKM wrote, or ones that Bazurto allegedly fraudulently wrote to third parties – which Bazurto also deposited into his account. Schwab argues that under New York law, a cause of action does not exist as against it for those "outbound" checks as the proper party to seek a remedy from would be the drawee bank.[1]

NY UCC § 3-419 provides that "[a]n instrument is converted when…it is paid on a forged indorsement." NY UCC § 3-419(1) imposes liability for conversion on banks that pay a check over a forged indorsement (*B.D.G.S., Inc. v Balio*, 8 NY3d 106 [2006]). "Prior to the enactment of the Uniform Commercial Code, the rule … was that the drawer had no cause of action against the depositary bank, and could only seek to recover from the drawee bank"

---

[1] A "drawer" is the person or entity who writes a check; the "drawee" is the party that has been ordered by the drawer to pay the sum of money indicated in the check; and the "payee" is the person or entity to whom the payment should be made. In the context of the "outbound" checks, the drawer would be JFKM, the drawee would be the bank associated with the checks issued by JKFM, and the payee would be the third-party vendors that the checks were allegedly made out to.

**156965/2024   JACOB FEINBERG KATZ & MICHAELI CONSULTING GROUP, LLC vs. BAZURTO, JANDRY**   **Page 3 of 8**
**Motion No.  002**

[* 3]

3 of 8

(*Underpinning & Found. Constructors, Inc. v Chase Manhattan Bank, N.A.*, 46 NY2d 459, 463 [1979]). Similarly, NY UCC § 3-419(3) provides that:

> Subject to the provisions of this Act concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands.

The Court of Appeals in *Underpinning* explained the logic behind the rule that a depository bank should not normally be held liable on a conversion claim asserted by a drawer and outlined the narrow exception when liability can arise. "In the typical forged indorsement case, the indorsement will be ineffective, and thus the check will not authorize the drawee bank to pay it from the drawer's account" (*Underpinning,* 46 NY2d at 464-65). Because, the drawee bank was not authorized to withdraw the funds from the drawer's account, the money received by the depository bank is deemed to be the property of the drawee bank (*id*. at 465). Thus, since the possessory right over property is an essential element of a conversion claim[2] the drawer (for the outbound checks here JFKM), could not assert a conversion claim against the depository bank (here Schwab) because the drawer did not have a property interest in those funds (*id*. ["Since the money received by the depositary bank from the drawee is the property not of the drawer, but rather of the drawee alone, nothing the depositary bank does with those funds can be considered a conversion of the drawer's property"]).

---

[2] "In order to succeed on a cause of action to recover damages for conversion, a plaintiff must show (1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right" (*Giardini v Settanni*, 159 AD3d 874, 875 [2d Dept 2018]).

**156965/2024   JACOB FEINBERG KATZ & MICHAELI CONSULTING GROUP, LLC vs. BAZURTO, JANDRY**
**Motion No.  002**

**Page 4 of 8**

[* 4]

4 of 8

But where the indorsement, although forged, is effective "the drawer obviously does have an interest in the funds paid on the check" (*id*. at 465-66). However, "[n]aturally, in such a case, since the indorsement is effective, no action would lie against the depositary bank for payment over the forged indorsement," as in that situation the depository bank is not "exercising an unauthorized dominion" over the property as only the fraudster – in this case Bazurto – can be said to have unlawfully converted the money (*id.* at 466; *Giardini* AD3d at 875). "Hence, it is only in those comparatively rare instances in which the depositary bank has acted wrongfully and yet the drawee has acted properly that the drawer will be able to proceed directly against the depositary bank" (*Underpinning*, 46 NY2d at 466). Thus, to properly plead a cause of action as against Schwab for the "outbound" checks, plaintiff must plead that the indorsement was effective, meaning the drawee bank acted properly in transferring the funds and accordingly JFKM has a property interest in those funds, and that Schwab then acted wrongfully, or against reasonable commercial standards by allowing Bazurto to deposit those checks into his account.

NY UCC § 3-405(1) provides that "An indorsement by any person in the name of a named payee is effective if … (c) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest." The intent of this exception was to limit liability of a drawee bank, for indorsing a fraudulent check when employee oversight by the drawer could have prevented its issuance (*Guardian Life Ins. Co. of Am. v Chem. Bank*, 94 NY2d 418, 421-22 [2000] ["As a general matter, article 3 shifts the risk of loss from the drawee to the drawer "in situations where the drawer is the party best able to prevent the loss"]). Thus, when an employee of the drawer supplies the indorsement, the indorsement is effective, and the drawer bank will not be held liable for transferring funds based on this indorsement. "The forged indorsement, in other words, is treated as if it were the actual

**156965/2024  JACOB FEINBERG KATZ & MICHAELI CONSULTING GROUP, LLC vs. BAZURTO, JANDRY**
**Motion No.  002**

**Page 5 of 8**

5 of 8

indorsement of the stated payee, and payment by a transferee in the transactional chain is proper" (*Getty Petroleum Corp. v Am. Exp. Travel Related Services Co., Inc.*, 90 NY2d 322, 327 [1997]). As highlighted in *Underpinning*, the effectiveness of the indorsement is a prerequisite for liability for conversion against a depository bank because absent an effective indorsement, "the drawee [bank] may not charge the drawer's account--and any payment made on the check is deemed to have been made solely from the property of the drawee, not the drawer", thus a conversion action cannot be maintained against a depository bank as the drawer would have no property interest in the funds transferred by the drawee bank (*Underpinning,* 46 NY2d at 464-65).

The facts in *Underpinning*, are similar to the facts alleged by plaintiff here, in that the employee in *Underpinning* submitted false invoices from firms which his employer did business with, then issued checks in payment of those invoices, however rather than send the checks to the named payees, the *Underpinning* employee indorsed the checks using stamps similar to those used by those vendors (*id*. at 462-63). Similarly, here JFKM alleges that Bazurto wrote checks using JKFM checks, listing the payee name as current JKFM suppliers, vendors, and sub-consultants (NYSCEF Doc No 20 at ¶ 28). According to JKFM, Bazurto then indorsed the checks with a stamp stating "For Deposit Only" and deposited them into his own personal Schwab account. Thus, as in *Underpinning*, the allegations fall within the intent of NY UCC § 3-405(1)(c) and for purposes of this CPLR § 3211(a)(7) motion, properly plead that the indorsement of these outgoing checks were effective,[3] therefore plaintiff's claims survive the

---

[3] In *Prudential-Bache Sec., Inc. v Citibank, N.A*, the Court of Appeals explained the "fundamental public policy" expressed in NY UCC § 3-405(1)(c), as to why a forged indorsement by an employee should be considered effective noting that "[t]he employer is normally in a better position to prevent such forgeries by reasonable care in the selection or supervision of his employees, or, if he is not, is at least in a better position to cover the loss by fidelity insurance; and that the cost of such insurance is properly an expense of his business rather than of the business of the holder or drawee." (73 NY2d 263, 270 [1989]).

**156965/2024   JACOB FEINBERG KATZ & MICHAELI CONSULTING GROUP, LLC vs. BAZURTO, JANDRY**
**Motion No. 002**

**Page 6 of 8**

6 of 8

first hurdle of the *Underpinning* exception, meaning that they have a property interest in the funds withdrawn from their account.

However, as stated above, to maintain such an action it is not sufficient to merely establish that the indorsement was effective, JFKM must also plead that Schwab acted improperly in accepting the checks. Here, JFKM properly alleges such misconduct in that it alleges that Schwab accepted the checks, despite a restrictive indorsement, here in the form of stamps that stated "For Deposit Only" (*id*. at ¶ 28). NY UCC § 3-205 provides that "An indorsement is restrictive which either … includes the words 'for collection', 'for deposit', 'pay any bank', or like terms signifying a purpose of deposit or collection." The *Underpinning* court held that misconduct by a depository bank is properly plead when the plaintiff alleges that the bank accepted checks with a restrictive indorsement that stated "For Deposit Only", into an account that does not match the name of the payee (*Underpinning*, 46 NY2d at 468). "Absent a clear indication in the indorsement to the contrary, the words 'for deposit only' mean for deposit into the account of the payee-indorser, not into that of the person presenting the instrument for negotiation" (*Spielman v Manufacturers Hanover Tr. Co*., 90 AD2d 499, 499 [2d Dept 1982], *revd*, 60 NY2d 221 [1983])[4]

Therefore, plaintiff has properly stated a claim for a violation of NY UCC § 3-419 in that it has plead that Bazurto effectively, albeit fraudulently, indorsed checks within the ambit of NY UCC § 3-405(1)(c), and then Schwab improperly deposited them in disregard of the restrictive

---

[4] The Court of Appeals reversed the ruling in *Spielman*, however they did so because the checks that were deposited included both the restrictive indorsement "For Deposit Only", and a second "special indorsement", followed by a forged signature, with direction to deposit the checks into an account number belonging to the fraudster. The court held that in that situation the depository bank acted properly because the bank's "examination of the check disclosed either a negotiation of the check to its customer by special indorsement and then a direction to deposit the proceeds to his account or a single indorsement, both special and restrictive to similarly deposit the proceeds" (*Spielman v Manufacturers Hanover Tr. Co.*, 60 NY2d 221 [1983]). Here, however there are no allegations that such additional indorsement existed to excuse Schwab's alleged misconduct.

**156965/2024   JACOB FEINBERG KATZ & MICHAELI CONSULTING GROUP, LLC vs. BAZURTO, JANDRY**
**Motion No.  002**

**Page 7 of 8**

indorsements which indicated they should only be deposited into the accounts of the named payees. While of course, Schwab still has the opportunity to provide defenses to these allegations and show that the checks were either not effective, or that pursuant to NY UCC § 3-419(3) it acted "in good faith and in accordance with the reasonable commercial standards applicable to the business" at this pre-answer juncture to the litigation, where courts must accept the facts as alleged in the complaint as true, plaintiff has properly plead a cause of action and the allegations involving the "outbound" checks will not be dismissed.

However as for plaintiff's eighth and ninth causes of action for negligence, and money had and received, respectively, the claims are based upon the same conduct as the NY UCC § 3-419 cause of action and therefore will be dismissed as duplicative (*see Orbach v Ali*, 83 Misc 3d 1297[A], 2024 NY Slip Op 51313[U] [SC, NY Co 2024]).

Accordingly it is,

ORDERED that Schwab's motion seeking to dismiss is granted to the extent that plaintiff's eighth and ninth causes of action are dismissed and the motion is otherwise denied; and it is further

ORDERED that Schwab is directed to file and serve answer to the amended complaint within 20 days of this order.

20250630152149PG0ETZF04D99C2FE4B40F39327A639AD6AA221

| **6/30/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**156965/2024   JACOB FEINBERG KATZ & MICHAELI CONSULTING GROUP, LLC vs. BAZURTO, JANDRY**   **Page 8 of 8**
**Motion No.  002**

[* 8]

8 of 8