■ VINCENT RUSSELLO, as Executor of PATSY B. RUSSELLO, Deceased, Appellant, v HIGHLAND NATIONAL BANK OF NEWBURGH, Respondent, and Third-Party Plaintiff-Respondent. ANNETTE VISCONTI, Third-Party Defendant.—Order, Supreme Court, New York County, entered June 24, 1974, granting defendant bank's cross motion for summary judgment dismissing the complaint, and denying plaintiff's motion to amend the complaint, is unanimously affirmed, without costs and without disbursements. Plaintiff, executor of the estate of a deceased checking account customer of the defendant bank, sues essentially for the balance of the account as it stood at the date of decedent's death. Taking the case at its most favorable to plaintiff: Two days after decedent died in Florida, but before defendant bank knew of that death, decedent's sister appeared at the bank with checks signed in blank by decedent and stated that decedent had decided to close out the account; she inquired as to the balance in the account and filled in the check for the amount of that balance, the check being made payable to the sister and dated that same day. The bank checked the authenticity of the decedent's signature and the identification of the sister and made the payment. It appears that the sister did not have authority to make the withdrawal and plaintiff executor has obtained a judgment against the sister for the amount so withdrawn, but has presumably not collected on it. He now sues the bank. But as between bank and customer, we think subdivision (2) of section 4-401 of the Uniform Commercial Code protects the bank completely. It provides: "(2) A bank which in good faith makes payment to a holder may charge the indicated account of its customer according to * * * (b) the tenor of his completed item, even though the bank knows the item has been completed unless the bank has notice that the completion was improper." Thus the test is the bank's good faith and notice that the completion was improper. There is nothing to indicate that the bank acted otherwise than in good faith or that it had notice that the completion was improper. We note the failure of appellant's main brief and respondent's brief to comply with the requirement of supporting references to pages of the record. Concur—Kupferman, J. P., Silverman, Lane and Nunez, JJ.

---

## (March 15, 1977)

■ SULLY SCHULWOLF et al., Appellants, v CERRO CORPORATION et al., Respondents, et al., Defendants.—Appeal from order of the Supreme Court, New York County, entered on February 23, 1976, withdrawn, without costs to either party. Concur—Murphy, J. P., Silverman, Capozzoli, Lane and Markewich, JJ.

■ In the Matter of CITY OF NEW YORK, Respondent, v RHONDA REALTY CORP., Appellant.—Order, Supreme Court, Bronx County, entered on April 26, 1976, unanimously affirmed for the reasons stated by Helman, J., at Special Term, without costs and without disbursements. Concur—Stevens, P. J., Kupferman, Murphy, Silverman and Markewich, JJ.