■ UNITED COMMUNITY INSURANCE COMPANY, as Subrogee of FANELL BOWL, INC., Respondent, v TRIBORO SIGNAL STATION, INC., Doing Business as TRIBORO ALARM, Appellant.—Kane, J. P. Appeal from an order of the Supreme Court (Kahn, J.), entered May 22, 1989 in Albany County, which denied defendant's motion for a change of venue.

Plaintiff commenced this action as an insured's subrogee to recover, inter alia, payment made to the insured for damages to the insured's property due to defendant's alleged breach of contract. Defendant appeals from the denial of its motion for a change of venue.

We affirm. In doing so, we reject defendant's argument that subrogation and assignment are the same for purposes of determining venue based on residence (see, CPLR 503 [e]). Pursuant to CPLR 503 (e), an assignee's residence in an action for a sum of money only is that of the original assignor. Assignment, however, is significantly different from subroga-

tion *(see,* 6A Appleman, Insurance Law and Practice § 4053, at 134-136), with certain rights in the latter rooted in equitable considerations. As such, we find nothing contained in the language or intent of CPLR 503 (e) that necessarily equates subrogation with assignment in designating the parties' residence for purposes of venue *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C503:5, at 17).

Moreover, we find no abuse of Supreme Court's discretion in denying the motion. Defendant failed to sufficiently establish that the convenience of material nonparty witnesses would be served and the ends of justice promoted by the venue change sought *(see,* CPLR 510 [3]).

Order affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.