In re GREAT SOUTH BEACH CONSTRUCTION.

No. CV 91–0768.

United States District Court, E.D. New York.

Sept. 30, 1992.

Edward Zinker, Smithtown, N.Y., for debtor.

Robert Abrams, New York State Atty. Gen. by James M. Williams, New York City, for Com'r of Labor.

Pryor & Mandelup, by Robert L. Pryor, Mineola, N.Y., trustee.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, Robert L. Pryor, ("appellant") trustee of the bank-

ruptcy estates of the Great South Beach Construction, Inc. and Great South Beach Marine Construction ("debtors") appeals, pursuant to 28 U.S.C. § 158(a), from a final order of the Honorable Cecelia H. Goetz, United States Bankruptcy Judge, entered in the United States Bankruptcy Court for the Eastern District of New York. For the reasons stated below the order is affirmed.

## I. BACKGROUND

The facts in this case are not in dispute. In November 1986, the City of Long Beach entered into a contract with the debtors in which they agreed to provide labor and materials for the Clark Street Playground–Bulkhead Rehabilitation. In March 1987, a Department of Labor investigation, brought pursuant to New York Labor Law § 220–b(2), found that the debtors had underpaid wages and supplements owed to their workers employed on the contract.[1] On April 13, 1987, again pursuant to § 220–b(2), the Department of Labor issued to the City of Long Beach a notice to withhold $61,625 from the contract proceeds due to the debtors to satisfy the wage and supplement underpayments.[2]

On September 30, 1987, debtors filed petitions under Chapter 11 of the Bankruptcy Code. Subsequently, the Commissioner of Labor sought a declaratory judgment from the bankruptcy court that an administrative hearing pursuant to the New York prevailing wage law could be brought to determine the exact amount owed by the debtor and that the Department of Labor could issue an order and determination without violating the automatic stay. By stipulation dated November 10, 1988, the parties agreed to hold the prevailing wage hearings. However, nothing contained in the stipulation afforded the Department of Labor permission to execute on the order and determination.

On April 27, 1989 the debtors converted their Chapter 11 case to Chapter 7 of the Bankruptcy Code. Subsequently, on or about June 15, 1989, a hearing was conducted by the Department of Labor, and the Commissioner of Labor issued an order and determination which found that the debtors had failed to pay their workers $14,475.32, and assessed a $3,618.83 civil penalty to be paid to the Department.

Because the Commissioner of Labor had been unsuccessful in obtaining release of the funds held by the City of Long Beach, he commenced an adversary proceeding before the bankruptcy court to obtain a declaratory judgment that $18,094 (plus interest) of the $61,625 withheld by the City of Long Beach pursuant to the notice to withhold was not part of the debtor's bankruptcy estate. By motion dated December 17, 1990, the Commissioner moved for summary judgment. On January 30, 1991, Judge Goetz granted the motion ruling that the money withheld pursuant to the notice to withhold was a trust fund for the payment of workers on the project and to the extent it was needed for that purpose, it was not part of the debtor's estate. This action is an appeal from that order.

## II. DISCUSSION

Bankruptcy Rule 8013 provides that: "[o]n appeal, the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, ... shall not be set aside unless clearly erroneous...." Bankruptcy Rule 8003 (1990). A district court, however, must undertake an independent review of the applicable law. *In re Ionosphere Clubs, Inc.*, 922 F.2d 984 (2d Cir. 1990). Inasmuch as this appeal solely presents a question of law, the Court will undertake a *de novo* analysis of the issue.

The key questions in this appeal are whether the bankruptcy court was correct

---

1. New York Labor Law § 220–(b)(2), known as the prevailing wage law, mandates that workers on public work projects be paid not less than the prevailing rate of wages and supplements in the locality.

2. New York Labor Law § 220–b(2)(a) empowers the Commissioner of Labor to withhold payment due a contractor on a public contract for any wage and supplements (including interests and penalties) owed to the contractor's laborers pending an administrative hearing and final order and determination.

in holding that the $18,094 (plus interest) being held by the City of Long Beach was a statutory trust created pursuant to New York Labor Law § 220–b(2), and if so, whether that court correctly found that the moneys were not part of the debtors' bankruptcy estate. For the following reasons this Court finds that the bankruptcy court correctly decided the issues.

### A. The Withheld Funds are a Statutory Trust for the Benefit of Workers

The statutory language of New York Labor Law § 220–b(2)(b) indicates that a withholding under this section creates a trust fund for the benefit of the workers. The provision provides in pertinent part that:

> Moneys withheld pursuant to this section shall be held by the fiscal officer[3] *for the sole and exclusive benefit of workers employed on said public improvement* and for any civil penalty which may be assessed as provided herein *and shall not be used for any other purpose.* (emphasis added)

New York Labor Law § 220–b(2)(b) (McKinney 1986 & Supp.1992). This language was added to the prevailing wage law in 1988. The legislative history of this amendment indicates that it was added in order to "assure that money which may be due to workers will not be paid over to the contractor or to the contractor's creditors or lienholders." Memorandum for the Governor, New York State Attorney General, p. 1, Labor Law § 220–b(2)(b) Bill Jacket. Thus, although Labor Law § 220–b(2)(b) does not explicitly create a statutory trust, the language of the provision as well as its legislative history persuades this Court that money withheld under this provision is tantamount to a statutory trust for the benefit of workers.

Indeed, even prior to the 1988 amendment, it was recognized that a withholding under Labor Law § 220–b(2)(b) creates a trust for the benefit of workers. In *In re Pelham Fence Co., Inc.*, 65 B.R. 924, 927 (Bkrtcy.S.D.N.Y.1986) the court held that funds withheld under § 220–b(2)(b) were not part of the bankruptcy estate. In that case, the court analogized these funds to pre-petition funds segregated and held in trust for the payment of taxes. According to the *Pelham* court, just as segregated tax funds are not property of the estate, funds withheld pursuant to § 220–b(2)(b) are similarly not property of the estate. *Id.*

Appellant argues that *In re Pelham* is inapposite because in that case the Commissioner had issued a final order and determination before the debtor filed for bankruptcy. This argument, however, is without merit. As the bankruptcy court correctly recognized, the relevant act in creating the § 220–b(2)(b) trust was the Commissioner of Labor's April 1987 notice to withhold, which was issued before the September 1987 petitions in this case. By the terms of the statute, these withheld funds are held "for the sole and exclusive benefit of the workers...." New York Labor Law § 220–b(2)(b). The statute does not require that a final order and determination issue before a trust is impressed.

Appellant also argues that because the Commissioner's order and determination is enforceable as a judgment under § 220–b(2)(f), it is therefore the equivalent of a post-petition money judgment voidable under 11 U.S.C. § 544(a). This argument, however, is also without merit. The subsection relied on by the appellant is only intended to facilitate payment of wages under an order and determination when there are insufficient moneys withheld from the contract to pay the wages due workers. The subsection in no way transforms the trust fund created by the notice to withhold into a post-petition judgment.

### B. The Statutory Trust is Not Part of the Debtors' Bankruptcy Estate

The bankruptcy estate comes into existence upon the commencement of the bankruptcy proceeding. 11 U.S.C. § 541(a). It is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A bankruptcy court must look to state law to determine the debtor's inter-

---

**3.** The Commissioner of Labor is the "fiscal offi-    cer" in the instant action.

est in a particular piece of property. *See Regan v. Ross,* 691 F.2d 81, 83–4 (2d Cir. 1982). As noted above, under New York law, the withheld money was a trust fund for the benefit of workers. Thus, the question remains whether this trust should be recognized in bankruptcy and exempted from the bankruptcy estate.

The court below correctly determined that under bankruptcy law, the statutory trust imposed by Labor Law § 220–b(2)(b) is not part of the bankruptcy estate. As stated above, the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541's legislative history makes clear that Congress intended that "this section ... will not affect statutory provisions ... that create[ ] a trust fund for the benefit of a creditor of the debtor." S.Rep. No. 989, 95th Cong., 2d Sess. 83; H.R.Rep. No. 595, 95th Cong., 2d Sess. 368; *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5868, 6324. *See also United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n. 10, 103 S.Ct. 2309, 2314 n. 10, 76 L.Ed.2d 515 (1983) ("Congress plainly excluded property of others held by the debtor in trust at the time of the filing of the petition."); *In re Howard's Appliance Corp.,* 874 F.2d 88 (2d Cir.1989) (assets of constructive trust not included in debtor's bankruptcy estate); *In re Casco Elec. Corp.,* 28 B.R. 191, 193–194 (Bkrtcy. E.D.N.Y.1983) (statutory trust impressed by New York Lien Law not included in the property of the bankruptcy estate). Accordingly, because the debtor has no recognizable interest in the funds, the court below correctly found that the $18,094 withheld for the benefit of workers is unaffected by the filing of the bankruptcy petition and is not part of the bankruptcy estate.

### III. CONCLUSION

For the foregoing reasons, the order of the Bankruptcy Court is affirmed.

SO ORDERED.