■ MARY C. PELLICIO, Respondent, v HARTFORD LIFE INSURANCE COMPANY, Respondent, and CITIBANK, N.A., Appellant. [628 NYS2d 125] —In an action to recover damages for conversion

of a check, the defendant Citibank, N.A., appeals from an order of the Supreme Court, Suffolk County (Henry, J.), dated June 22, 1994, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

When the plaintiff Mary Pellicio, a widow, spent time in her Florida home or stayed with her daughter Mary Dorman in Ronkonkoma, New York, the plaintiff's son-in-law, Richard Dorman, used her Bohemia, New York, address for business purposes, and accepted the plaintiff's mail for her. In a letter over the plaintiff's forged signature dated November 28, 1990, the defendant Hartford Life Insurance Company (hereinafter Hartford), with whom the plaintiff maintained an annuity account, was directed to send her a check for $100,000 at her Bohemia address. The check was sent, endorsed, and deposited in Richard Dorman's Citibank account. The plaintiff sued both Hartford and Citibank, claiming that she had signed neither the letter nor the check. Citibank moved for summary judgment on the ground that, because the plaintiff had never had possession of the check, she had no standing to sue the depositary bank under the rule stated in *State of New York v Barclays Bank* (76 NY2d 533). The court denied Citibank's motion, and we now affirm.

To the extent that the analysis in *Barclays Bank* may apply to the facts of the instant case, it is clear that Richard Dorman was the plaintiff's agent for the purpose of receiving and handling mail sent to her at the Bohemia address. In consequence, Dorman's receipt of the check at issue here constituted constructive possession by the plaintiff such that she has standing to sue Citibank both for conversion and for negligence *(see, Alumax Aluminum Corp. v Norstar Bank,* 168 AD2d 163, 165).* Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.