■ LAWYERS' FUND FOR CLIENT PROTECTION OF THE STATE OF NEW YORK, Respondent, v GATEWAY STATE BANK, Now Known as STATEN ISLAND SAVINGS BANK, Appellant. [658 NYS2d 705] —White, J. Appeal from an order of the Supreme Court (Keegan, J.), entered May 3, 1996 in Albany County, which denied defendant's motion to dismiss the complaint for, *inter alia*, lack of standing.

In August 1984, Michael Mancuso murdered Evelina Mancuso, the mother of Michelle Mancuso, who was then under 18 years of age. Thereafter, pursuant to an order of Supreme Court, Kings County, dated July 11, 1989, an express trust was created for Michelle's benefit, the corpus being the proceeds of a life insurance policy on the life of Evelina Mancuso. Maria Guttadauria-Ellman was appointed trustee. In February 1990, the Prudential Insurance Company forwarded two checks made payable to "Maria Guttadauria-Elman, M.D. as trustee for the benefit of Michele Elman [*sic*]" (hereinafter the trustee) to John Gussow, the attorney representing the trustee. On March 6, 1990, Gussow forged the trustee's endorsement and deposited the checks' proceeds ($69,153.54) in his escrow account maintained in defendant's bank. Gussow then proceeded to withdraw and misappropriate the funds, leaving the trust unfunded. Upon learning of Gussow's defalcation in February 1993, the trustee filed a claim for $69,153.54 with plaintiff which paid it in full. As a condition of payment, the trustee executed two documents subrogating, assigning and transferring all of the claims she possessed against Gussow to plaintiff.

Plaintiff, as subrogee and assignee, commenced this action alleging causes of action in conversion, breach of contract for money had and received, breach of the debtor-creditor relationship and unjust enrichment. Defendant moved to dismiss the complaint claiming that plaintiff lacked standing, that the action was barred by the Statute of Limitations and that the complaint failed to state a cause of action. In the alternative,

defendant sought a change of venue to either Richmond County or Kings County. Supreme Court denied the motion in its entirety, prompting this appeal.

Inasmuch as this action was not commenced until July 14, 1995, defendant contends that plaintiff's causes of action sounding in conversion and unjust enrichment are time barred. Supreme Court, applying the infancy tolling provisions embodied in CPLR 208, concluded they were not.

By its terms, CPLR 208 limits the applicability of the infancy tolling provisions to those instances where the infant is entitled to commence the action. An analysis of the pertinent substantive law discloses that the infant could not have maintained an action against defendant because she does not have a legal estate in the trust (*see, Cohn v United States Trust Co.*, 127 AD2d 523, 524; *see also*, EPTL 7-2.1 [a]). Instead, the trustee was the only entity entitled to pursue this action (*see, Modjeska v Greer*, 233 AD2d 589, 590) and, as she could not take advantage of the infancy tolling provision (*see*, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C208:1, at 385), CPLR 208 has no application to this case.

Without the tolling provision, plaintiff's cause of action for conversion is time barred since the three-year Statute of Limitations commenced running on the date the conversion took place (March 6, 1990) and not from the date of discovery or the exercise of diligence to discover (*see, Vigilant Ins. Co. v Housing Auth.*, 87 NY2d 36, 44). Thus, we shall dismiss this cause of action. The cause of action for unjust enrichment remains viable, however, since it is governed by a six-year statute (*see, Rosner v Codata Corp.*, 917 F Supp 1009, 1021; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503).

Next, defendant argues that plaintiff lacks standing since there is no proof that the checks were delivered to the trustee. In order to assert the subject causes of action against a depositary bank, a payee must attain the status of a holder by obtaining actual or constructive possession of the negotiable instrument (*see, State of New York v Barclays Bank*, 76 NY2d 533, 536). The key to determining whether the payee has obtained possession is whether the transferor placed the instrument out of its control by, for example, delivering it to the payee's agent (*see*, 4 Hawkland and Lawrence, UCC Series § 3-102:03). As that is what occurred here, we find that the trustee obtained constructive possession of checks which, in turn, gave plaintiff standing to maintain this action (*see, Pellicio v Hartford Life Ins. Co.*, 215 AD2d 635, 636).

As ancillary relief, plaintiff seeks a 22% collection fee. This request is predicated upon State Finance Law § 18, which authorizes such a fee where a debtor fails to pay a debt to the State within 90 days of the submission of an invoice (State Finance Law § 18 [5]). Given the fact that at this point plaintiff merely has an inchoate claim, we agree with defendant that this statute is inapplicable as it only applies to a liquidated debt (State Finance Law § 18 [1] [b]), which is a debt that has been determined to be due (Black's Law Dictionary 930 [6th ed 1990]). Therefore, this request is stricken from plaintiff's ad damnum clause.

The last issue we address is defendant's request to change venue premised upon CPLR 503 (e), which places the venue of an action commenced by an assignee in the county where the original assignor resided. Plaintiff, noting that it commenced this action as a subrogee-assignee, contends that CPLR 503 (a) is the governing statute, pointing to *United Community Ins. Co. v Triboro Signal Sta.* (160 AD2d 1206) wherein we held that CPLR 503 (e) does not apply to an action commenced by a subrogee. When there is a conflict in venue provisions, the CPLR contemplates that the trial court will select the appropriate place of trial (*see*, CPLR 502). We find that Supreme Court did not abuse its discretion in denying defendant's motion, particularly since there is no indication that defendant contacted the nonparty witness and that she is available and willing to testify for the movant (*see*, *Heinemann v Grunfeld*, 224 AD2d 204). We further note that it appears more likely that this witness would be called by plaintiff rather than defendant.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion dismissing plaintiff's first cause of action and its request for a 22% collection fee; motion granted to that extent and said claims dismissed; and, as so modified, affirmed.