■ LAWYERS' FUND FOR CLIENT PROTECTION OF THE STATE OF NEW YORK, Appellant, v BANK LEUMI TRUST COMPANY OF NEW YORK et al., Respondents. [682 NYS2d 470] —White, J. Appeal from that part of an order of the Supreme Court (Teresi, J.), entered July 23, 1997 in Albany County, which, *inter alia*, denied plaintiff's cross motion for summary judgment against defendants Bank Leumi Trust Company of New York and Progressive Insurance Company.

Following his father's death in an automobile accident, Marcial Valentin, Jr. (hereinafter Valentin) retained the law firm of Schwartz, Gutstein & Associates (hereinafter SGA) to prosecute a wrongful death action. SGA successfully negotiated a settlement with defendant Progressive Insurance Company which forwarded to SGA a draft payable through defendant First National Bank of Ashland of the National City Bank in the amount of $47,500 that was payable to Valentin and SGA.

In May 1993, SGA allegedly forged Valentin's endorsement on the draft and deposited it in its IOLA Trust Account that it maintained in defendant Bank Leumi Trust Company of New York. Even though Valentin's name was misspelled on the endorsement, Bank Leumi and Progressive accepted and honored the draft. SGA, however, never provided Valentin with his share of the proceeds and apparently abandoned the practice of law and filed for bankruptcy. Valentin, in turn, filed a claim with plaintiff which, on May 7, 1996, paid him $31,750.[1] In exchange, Valentin executed a subrogation agreement subrogating and assigning his rights to plaintiff.

Thereafter, plaintiff commenced this action alleging, *inter alia*, that Progressive, as the drawee, and Bank Leumi, as the depository bank, were liable for conversion under UCC 3-419 (1) (c). Bank Leumi responded by moving for a change of venue to New York County while plaintiff cross-moved for summary judgment against both defendants. In the event plaintiff was awarded summary judgment against it, Progressive cross-moved for an order directing Bank Leumi to indemnify it. Supreme Court denied all the motions except Progressive's cross motion. Plaintiff appeals.

When a draft is made payable through a bank, that bank becomes a collecting bank through which presentment is made to the drawer-drawee for payment[2] (*see, General Motors Acceptance Corp. v General Acc. Fire & Life Assur. Corp.*, 67 AD2d 316, 318; *see also*, Official Comment, McKinney's Cons Laws of NY, Book 62½, UCC 3-120, at 81; 6A Hawkland and Lawrence, Uniform Commercial Code Series § 4-106:1 [Rev]). Once it accepts the draft, the drawee becomes primarily liable for its payment (*see, Berler v Barclays Bank*, 82 AD2d 437, 439, *lv dismissed* 55 NY2d 601, 645; *see also*, UCC 3-409 [1]; 80 NY Jur 2d, Negotiable Instruments and Other Commercial Paper, § 467, at 510-511). In this instance, the drawee, Progressive, does not deny that it accepted the draft; rather, relying on *Hutzler v Hertz Corp.* (39 NY2d 209), it argues that its liability to plaintiff was discharged when, upon receipt of Valentin's release, it sent the settlement draft to SGA. Although the factual scenario is similar to this case, *Hutzler (supra)* is distinguishable in that the defendant tortfeasor in that case was merely the drawer of the checks whose proceeds were paid to

---

1. This sum represents the net amount of the settlement proceeds after the deduction of SGA's counsel fee.

2. Plaintiff's action against the collecting bank, First National Bank of Ashland of the National City Bank, was dismissed and is not involved in this appeal.

the payee's attorney by the drawee bank despite the payee's forged endorsement. In that situation, the Court of Appeals felt that, as between the payee and drawer, the payee should bear the loss since she selected the dishonest attorney (*id.*, at 215). Significantly, the Court noted that the payee could pursue an action for conversion against the drawee which is what plaintiff has done here (*id.*, at 216-217). Therefore, inasmuch as a draft is converted when it is paid on a forged endorsement, and as Progressive in opposing the summary judgment motion made no showing that it had a defense to plaintiff's action against it, Supreme Court erred in denying plaintiff's motion (*see, Mouradian v Astoria Fed. Sav. & Loan*, 91 NY2d 124, 128, 131).

As Bank Leumi did not appeal from Supreme Court's determination that it is obligated to indemnify Progressive (*see,* UCC 4-207), the next issue we address is whether plaintiff is entitled to recover the face amount of the draft ($47,500) or the amount it paid Valentin ($31,750). While the parties have concentrated their arguments on UCC 3-419 (2) and (1) and the intended payee doctrine, we need not reach those issues since plaintiff's recovery as a subrogee is limited to the $31,750 it paid Valentin (*see, Smirlock Realty Corp. v Title Guar. Co.*, 97 AD2d 208, 236, *mod on other grounds* 63 NY2d 955; 23 NY Jur 2d, Contribution, Indemnity, and Subrogation, § 41, at 65). We further find that plaintiff is not entitled to a 22% collection fee under State Finance Law § 18 (5) because, until a judgment is entered hereon, defendants' debt is unliquidated (*see, Lawyers' Fund for Client Protection v Gateway State Bank*, 239 AD2d 826, 828, *lv dismissed* 91 NY2d 848).

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion for summary judgment against defendant Progressive Insurance Company; grant the cross motion to that extent and award plaintiff judgment against said defendant in the amount of $31,750 plus interest from May 7, 1996; and, as so modified, affirmed.