■ LAKE MINNEWASKA MOUNTAIN HOUSES, INC., Respondent, v ALBIN REKIS, Appellant. [686 NYS2d 186] —Mikoll, J. P. Appeal from an order of the Supreme Court (Torraca, J.), entered December 12, 1997 in Ulster County, which, *inter alia*, granted plaintiff's cross motion for summary judgment.

The facts of the parties' original dispute are set forth in our decision in *Rekis v Lake Minnewaska Mtn. Houses* (170 AD2d

124, *lv dismissed* 79 NY2d 851). In what proved to be a Pyrrhic victory for defendant,* we there determined that he was the fee owner of a parcel of land deeded to him by plaintiff in 1987 as part of a series of transactions (including an immediate purported reconveyance of the parcel by defendant to plaintiff) which we described as "an inept attempt to provide [defendant] with the right to reside on the property for a period of time" (*id.*, at 129). Following our decision awarding defendant ownership of the parcel, plaintiff commenced this action to recover sums it paid as real estate taxes on the property for the years 1987 to 1991 while the parties were litigating ownership of the property. Although plaintiff did not cross-claim for this alternative relief in the prior litigation, it seeks recovery here under a theory of unjust enrichment, contending that defendant should reimburse it for tax payments plaintiff made under the good faith belief that it was the owner of the property, and which have since inured to defendant's benefit. Defendant opposed plaintiff's entitlement to this relief on a number of grounds, and now appeals from Supreme Court's grant of summary judgment in favor of plaintiff.

While we are loath to further protract litigation between these parties, we believe it was error to grant summary judgment to plaintiff. To prevail on a claim of unjust enrichment, plaintiff must show that (1) defendant was enriched (2) at plaintiff's expense, and (3) that "it is against equity and good conscience to permit * * * defendant to retain what is sought to be recovered" (*Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421, *cert denied* 414 US 829; *see*, 22A NY Jur 2d, Contracts, § 518, at 239). We reject defendant's claim that plaintiff's payment of the taxes did not enrich him; he clearly benefitted thereby in that he was spared a degree of expense or loss he would otherwise have incurred (*see*, *3105 Grand Corp. v City of New York*, 288 NY 178, 181; *Blue Cross v Wheeler*, 93 AD2d 995, 996). That fact, however, does not end the inquiry for it remains to be determined whether defendant's enrichment occurred at plaintiff's expense and, if so, whether in all the circumstances it would be against equity and good conscience to permit defendant to retain the benefit. We believe that defendant has raised issues of fact bearing upon these latter two elements.

---

* Shortly after prevailing on appeal, defendant was forced to sell the property, utilizing $24,790.32 of the proceeds to discharge the lien of his former counsel, Norman Kellar. After other closing-related expenses, defendant realized $2,581.16, an amount insufficient to cover his previous outlays on account of the property, including another $1,000 to Kellar as an initial retainer. His counsel on this appeal is serving *pro bono*.

Defendant has established that plaintiff availed itself of a Federal income tax deduction on account of the real estate taxes it paid upon the subject property. While the record is undeveloped as to the amount of income tax benefit realized by plaintiff, this evidence is sufficient to create a triable question as to whether, and to what extent, plaintiff's payment of the taxes actually cost plaintiff anything. If the evidence reveals that plaintiff, despite the ongoing ownership dispute with defendant, opted to pay the real estate taxes thereon because it received a commensurate income tax benefit, it would be unjust to require defendant to reimburse plaintiff for an expenditure which, although benefitting him, cost plaintiff nothing. Additionally, the record establishes that upon advice of his former counsel, defendant attempted to pay the real estate taxes for the parcel but was not permitted to do so because he was not the record owner, plaintiff having recorded the reconveyance from defendant which we subsequently declared a nullity. Even assuming, arguendo, defendant's responsibility for reimbursement of the base tax amounts paid by plaintiff, we would be concerned about the propriety of any enhanced obligation, in the form of interest or penalty, imposed upon defendant in consequence of his failure to timely pay that which he was not permitted to pay by reason of the deed recorded by plaintiff.

Finally, as any recovery based upon a theory of unjust enrichment should appeal to one's sense of equity and good conscience, we believe that principles of equity mandate consideration of the totality of the circumstances of this unfortunate transaction, including, *inter alia*, the severe adverse consequences flowing from defendant's efforts to vindicate an entitlement which plaintiff sought to deny him. As a result of the inordinate legal expense defendant incurred to obtain that which was determined to be rightfully his, he received none of what plaintiff originally was willing to provide to him, i.e., use and enjoyment of the land with the basic necessities of adequate shelter and potable water, and he was forced to prematurely sell the property.

Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's cross motion for summary judgment; cross motion denied; and, as so modified, affirmed.