■ Lawyers' Fund for Client Protection of the State of New York, Respondent, v Gateway State Bank, Now Known as Staten Island Savings Bank, Appellant. [709 NYS2d 243] —Mugglin, J. Appeal from an order of the Supreme Court (Keegan, J.), entered April 15, 1999 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment.

As set forth in our previous decision (239 AD2d 826, *lv denied* 91 NY2d 848), plaintiff asserts four causes of action against defendant stemming from its having collected funds on two checks containing the forged indorsement of the payee. In our previous decision, we dismissed the first cause of action sounding in conversion as barred by the three-year Statute of Limitations but left intact those causes of action having a six-year Statute of Limitations, namely, breach of contract for money had and received, breach of the debtor/creditor relationship and unjust enrichment.

Following discovery, defendant moved for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment. Supreme Court, finding no merit to any of defendant's affirmative defenses, denied defendant's motion and granted plaintiff's cross motion. Defendant appeals.

Prior to the enactment of the Uniform Commercial Code (hereinafter UCC), the law in New York was that the "payee of a negotiable instrument possessed a valid cause of action against a bank which had collected the instrument over the payee's forged indorsement" (*Hechter v New York Life Ins. Co.,* 46 NY2d 34, 37). A plaintiff could sue either in conversion or contract. The contract action had as its basis the common-law action for money had and received. The legal theory of the action was that the collecting bank acquired no title to the paper because the indorsement, its only source of title, was a nullity due to the fact that it was a forgery. Therefore, it held the instrument for the payee, or if it had collected the proceeds, it held the proceeds for the payee, thus establishing privity be-

tween the payee and the bank, and if the payee elected to ratify the collection of the check, he or she could recover from the bank the amount collected (*see, Henderson v Lincoln Rochester Trust Co.*, 303 NY 27, 32). Each of the common-law contract causes of action, namely breach of contract for money had and received, breach of the debtor/creditor relationship and unjust enrichment, has as one of its elements that the bank hold possession of the proceeds (*see, Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421, *cert denied* 414 US 829 [unjust enrichment]; *Henderson v Lincoln Rochester Trust Co.*, *supra*, at 32 [breach of the debtor/creditor relationship]; *Lake Minnewaska Mtn. Houses v Rekis*, 259 AD2d 797, 798; *Matter of Witbeck*, 245 AD2d 848, 850; 22A NY Jur 2d, Contracts, § 525, at 244 [money had and received]).

In *Hechter v New York Life Ins. Co.* (*supra*, at 38-39), the Court of Appeals ruled that the enactment of the UCC left "undisturbed * * * the plaintiff's right to elect a contract rather than a tort remedy". Specifically not addressed in that decision (as well as in *Hutzler v Hertz Corp.* [39 NY2d 209]) was the question of the extent of liability of a collecting bank in a conversion action for paying out or collecting over a forged indorsement after the enactment of UCC 3-419 (3) and "[a]lso uncertain, in light of subdivision 3 of section 3-419, is the continued validity of our pre-Code statement that a collecting bank is liable to the payee, in contract, when it has paid out the proceeds of the check upon the forged indorsement of the payee's name" (*Hutzler v Hertz Corp.*, 39 NY2d 209, 217, n 3, *supra*; *see, Henderson v Lincoln Rochester Trust Co.*, 303 NY 27, 32, 33, *supra*). UCC 3-419 provides, in relevant part, that:

"(1) An instrument is converted when * * *

"(c) It is paid on a forged indorsement * * *

"(3) Subject to the provisions of this Act concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands."

First, we hold that the statute changed the common-law contract cause of action expressed in *Henderson v Lincoln Rochester Trust Co.* (*supra*) to the extent that the bank no longer holds any proceeds. Thus, where, as here, the bank concededly no longer holds the proceeds, the statute immunizes the collecting bank provided it acted in good faith and in accor-

dance with reasonable commercial standards (*see, Moore v Richmond Hill Sav. Bank*, 117 AD2d 27, 36). Good faith is statutorily defined as "honesty in fact in the conduct or transaction concerned" (UCC 1-201 [19]). In this record, there is no showing of dishonesty on defendant's part. The UCC contains no definition of "reasonable commercial standards".

Upon our review of this record, we note that defendant failed to submit any proof, other than a conclusory assertion, that it acted in accordance with reasonable commercial standards when it accepted the checks. Therefore, Supreme Court properly refused to grant defendant's motion for summary judgment. Defendant's reliance on *Moore v Richmond Hill Sav. Bank* (*supra*) to establish that it acted in a commercially reasonable manner is unwarranted since the parties stipulated that the bank acted in good faith and in a commercially reasonable manner in that case.

Turning to plaintiff's cross motion for summary judgment, we conclude that Supreme Court erred in granting the same. As the moving party, it was incumbent upon plaintiff to establish its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557). Therefore, plaintiff must establish that defendant failed to act in good faith or in accordance with reasonable commercial standards when it accepted the checks for deposit. To this end plaintiff produced, and Supreme Court relied upon, evidence that on at least 50 occasions prior to the deposit of the checks at issue, the attorney/forger, whose accounts are at issue eliminated the words "escrow account" from the face of checks with which he drew on this account, that on four occasions there were small overdrafts in the account, and on numerous occasions there were checks drawn from the attorney's escrow account to cover overdrafts in his business account.

Supreme Court, relying on *Home Sav. v Amoros* (233 AD2d 35), found that plaintiff's proof indicated that defendant had a "neglectful countenance" toward its established relationship with the attorney giving rise to a duty of inquiry which, if not fulfilled, exposed the bank to liability to parties whose funds had been misappropriated by the attorney. Under the circumstances of this case, reliance on *Home Sav. v Amoros* (*supra*), is misplaced. The evidence produced by plaintiff is simply not germane to the issue of whether the bank acted in accordance with reasonable commercial standards in accepting the checks for deposit. The account activity to which plaintiff points does not give rise to a duty of inquiry regarding a payee's indorsement on deposited checks.

In sum, neither party produced evidence on the factual issue of whether defendant acted in accordance with reasonable commercial standards such as would entitle it to judgment as a matter of law.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion; cross motion denied; and, as so modified, affirmed. [*See*, 181 Misc 2d 660.]