## In re MID–ISLAND HOSPITAL, Debtor.

### No. 99–CV–3600.

United States District Court, E.D. New York.

Sept. 23, 2000.

---

Berkman, Henoch, Peterson & Peddy, P.C., Garden City, N.Y., by Ronald M.

Terenzi, of counsel, for debtor–appellant, Mid–Island Hospital.

Farrell Fritz, P.C., Uniondale, N.Y., by Ted A. Berkowitz, of counsel, for appellant Official Committee of Unsecured Creditors of Mid–Island Hospital.

Whitman, Breed, Abbott & Morgan, LLP, New York City, by Norman N. Kinel, of counsel, for appellee Empire Blue Cross and Blue Shield.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

In this appeal from a decision of United States Bankruptcy Judge Marvin A. Holland, Debtor–Appellant Mid–Island Hospital and Appellant Official Committee Unsecured Creditors of Mid–Island Hospital (collectively, "Mid–Island") contend that Judge Holland erroneously granted summary judgment to Appellee Empire Blue Cross and Blue Shield ("Empire") on Mid–Island's claim for interest allegedly owed to it by Empire.

Regulations of the New York State Department of Health require hospitals such as Mid–Island to make monthly payments to the State, pursuant to an established formula, which the State then uses to reimburse eligible hospitals for various expenses. 10 NYCRR § 91.4. According to the regulation, "Failure to submit [payment checks] shall result in the withholding of 10 percent of the hospital's payments from all major third-party [insurance] payors." 10 NYCRR § 91.4($i$).

It is undisputed that by late 1989, Mid–Island was deficient in its payments to the State under Section 91.4, and, in December 1989, the State directed Empire to begin withholding 10% of its payments on claims made by Mid–Island. From December 1989 through January 1998, at the State's direction, Empire withheld approximately $ 4.5 million in payments to Mid–Island.

In the meantime, on June 20, 1997, Mid–Island filed a voluntary Chapter 11 peti-

tion. On December 18, 1997, Judge Holland "so ordered" a stipulation between Mid–Island and the State, curing Mid–Island's deficiencies and directing Empire to turn over the withheld funds. On January 23, 1998, Empire transferred the withheld funds to Mid–Island. From these funds, pursuant to a second stipulation with the State, Mid–Island paid roughly $ 2.2 million to the State in satisfaction of its past-due obligations under Section 91.4.

On October 6, 1998, Mid–Island commenced an adversary proceeding against Empire, seeking an award of interest earned by Empire on the withheld funds over the eight-year period it held them. Depending on the interest rate used, Mid–Island estimated this amount to be anywhere from $1.5 to $2 million. Mid–Island's complaint contained causes of action for turnover under 11 U.S.C. § 542 and § 543; unjust enrichment; breach of fiduciary duty; and negligence, all relating to the claim for interest on the withheld funds. On February 11, 1999, Empire filed a motion for summary judgment, arguing that, as a matter of law, it was not required to pay interest on the withheld funds.

At a hearing on March 17, 1999, Judge Holland orally granted Empire's motion, stating that "I don't know of any way to have an obligation or to create an obligation to pay interest other than by statute, contract, or establishing a present entitlement to money plus a demand, a lawful proper demand, and an improper refusal to comply with the lawful demand. Those are the only three instances that I'm aware of that create an obligation to pay interest." Judge Holland stated that a written decision embodying his oral ruling would follow, but he retired before ever issuing a written opinion on the case. Upon a stipulated application by all parties, this Court agreed to consider this appeal from Judge Holland's oral ruling.

## DISCUSSION

■ A district court hearing an appeal from a Bankruptcy Court reviews that Court's findings of fact under the "clearly erroneous" standard, see Fed.R.Bankr. 8013, while its conclusions of law are reviewed under the de novo standard. See In re AroChem Corp., 176 F.3d 610, 620 (2d Cir.1999); In re Bennett Funding Group, Inc., 146 F.3d 136, 138 (2d Cir. 1998); See also In re Porges, 44 F.3d 159, 162 (2d Cir.1995).

### A. As to Mid–Island's claim for turnover under 11 U.S.C. § 542 and § 543

■ Mid–Island contends that, under the provisions of 11 U.S.C. § 543(b)(1), the interest on the withheld funds constitutes "proceeds, products, offspring, rents or profits" of its property—the withheld funds—held by Empire, and thus, that interest is subject to a proceeding for turnover under 11 U.S.C. § 542(a). A turnover proceeding may be brought by the debtor or trustee to recover property of the estate that is being held by another. 11 U.S.C. § 542; U.S. v. Whiting Pools, Inc., 462 U.S. 198, 206, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); In re Realty Southwest Assocs., 140 B.R. 360, 365 n. 2 (Bankr.S.D.N.Y.1992). Whether a particular item is property of the estate in bankruptcy is governed by principles of state law, In re McLean Trucking Co., 74 B.R. 820, 826–27 (Bankr.W.D.N.C.1987), and the assessment is made as of the date of the filing of the bankruptcy petition. 11 U.S.C. § 541; In re Scarpino, 113 F.3d 338, 340 (2d Cir.1997).

In In re Pelham Fence Co., 65 B.R. 924, 927–28 (Bankr.S.D.N.Y.1986), the court dealt with a somewhat similar situation. There, a construction contractor was concededly owed money for work on a project, but pursuant to Labor Law § 220(b)(2), the State directed the payor to withhold certain funds from its payment on the contract pending an investigation into whether the contractor failed to comply with wage-payment laws. The Bankruptcy Court found that these withheld funds

were not "property of the estate" of the contractor under 11 U.S.C. § 541. The court in *Pelham* observed that "[a]ny such funds which are subject to a section 220–b(2) withholding order ... cannot be regarded as property of the employer or funds which the employer was entitled to use or possess," and thus, not property of the estate in bankruptcy. *Id.* at 928.

Similarly, in *In re Guiding Light Corp.*, 217 B.R. 493, 498 (Bankr.E.D.La.1998), the court found that the bankruptcy estate could not claim reimbursement funds for services provided which were withheld by the Louisiana Department of Health and Hospitals pending a fraud review as "property." Relying on the Second Circuit's opinion in *Tekkno Laboratories, Inc. v. Perales*, 933 F.2d 1093 (2d Cir.1991), which held that a hospital had no property interest in withheld Medicaid funds, the court in *Guiding Light* found that "a medical care provider does not have a property interest [for bankruptcy purposes] in Medicaid payments for claims pending investigation for fraud or willful misrepresentation." 217 B.R. at 498.

■ By the reasoning in cases such as *Pelham Fence* and *Guiding Light*, the Court is persuaded that the monies withheld from Mid–Island under Section 91.4(*i*) do not constitute "property of the estate." By the terms of the regulation, until Mid–Island satisfied its obligations to the State, it was not entitled to the use or possession of the withheld funds in the custody of Empire. Mid–Island argues that Section 91.4(*i*) is different from statutes or regulations like the one in *Pelham*, which allowed the State to pay claimants directly from the withheld funds, or *Guiding Light*, which presumably allowed the state to disclaim the payments entirely if fraud was found, because Section 91.4(*i*) makes no provision for the monies in Empire's possession to be forfeited to the State or paid to any entity other than the hospital. The Court disagrees.

Although the language of Section 91.4(*i*) does not expressly provide that the State may seek to levy against withheld funds to satisfy a delinquent hospital's payment obligations, clearly the purpose of setting aside the funds is to provide for just such a contingency. Mid–Island's argument that the State could not tap withheld funds to offset the balance owed by a steadfastly recalcitrant hospital is simply illogical. Indeed, under Mid–Island's reading of the regulation, had the State been unable or unwilling to reach a settlement with Mid–Island in satisfaction of the delinquent payments, the withheld funds would have remained forever on the books of Empire, unreachable by the State, Empire, or anyone else, yet unavailable to Mid–Island as a result of the ongoing withholding order. Obviously, such a construction is untenable and does not effectively provide a method to ensure compliance with the pool contribution requirements. With reasonable certainty, had Mid–Island refused to pay its pool contributions, the State would have commenced an action to seize the withheld funds in Empire's possession and use them to offset Mid–Island's underpayments.

Therefore, the Court finds that, like in *Pelham* and *Guiding Light*, the funds withheld pursuant to Section 91.4(*i*) should not considered part of Mid–Island's estate in bankruptcy. *See also In re Great South Beach Const.*, 145 B.R. 372 (E.D.N.Y.1992).

In this regard, Mid–Island's reliance on *In re Nemko, Inc.*, 143 B.R. 980, 985–86 (Bankr.E.D.N.Y.1992), is misplaced. In *Nemko*, the court found that "an admitted liability owed to a debtor under a contract is property of the estate, even though the debtor's subcontractors may have claims against parties to the contract." *Id.* However, as discussed above, the Court finds that the withheld funds are less "an admitted liability owed to a debtor under a contract," and more akin to a trust or escrow account set aside for the State's benefit should a hospital prove to be chronically delinquent.

Because the Court determines that the withheld funds were not "property of the estate" at the time Mid–Island filed its petition for bankruptcy, Mid–Island is not entitled to claim the interest on those funds as "proceeds" from its property under Section 543. Accordingly, the Court finds that Mid–Island cannot maintain a turnover proceeding to reach property that does not belong to it, and Judge Holland did not err in granting summary judgment to Empire on the turnover claims.

### B. As to the state law causes of action

Mid–Island also pleaded several claims under state law to recover the interest on the withheld funds, including claims for unjust enrichment, breach of fiduciary duty, and negligence.

■ In order to state a claim for unjust enrichment in New York State, a plaintiff must show that (i) the defendant was enriched; (ii) at the plaintiff's expense; and (iii) that it is against equity and good conscience to permit the defendant to retain that sought to be recovered. *Kaye v. Grossman,* 202 F.3d 611 (2d Cir. 2000); *Dolmetta v. Uintah Natl. Corp.,* 712 F.2d 15 (2d Cir.1983); *Albrechta v. Broome County Industrial Development Agency,* 274 A.D.2d 651, 710 N.Y.S.2d 709, 711 (3d Dept.2000); *Lake Minnewaska Mountain Houses, Inc. v. Rekis,* 259 A.D.2d 797, 798, 686 N.Y.S.2d 186, 187 (3d Dept.1999). The third factor is critical, and the plaintiff must show that *"as between the two parties to the transaction the enrichment is unjust." McGrath v. Hilding,* 41 N.Y.2d 625, 629, 394 N.Y.S.2d 603, 606, 363 N.E.2d 328 (1977) (emphasis added).

■ Here, even assuming that Empire has been enriched by earning interest on the withheld funds at Mid–Island's expense, the Court finds that equity weighs strongly against Mid–Island. The withholding clause of Section 91.4 was invoked by the State after Mid–Island failed to make payments required by law. Mid–Island could have ended the withholding at any time and recovered its funds from Empire simply by repaying its accumulated debts to the State, yet it failed to do so for nearly a decade. In fact, Mid–Island admits in its brief that the withholding provision is intended to serve as punishment for its non-compliance. By contrast, Empire is entirely blameless in the transaction. The regulation required Empire to withhold 10% of Mid–Island's reimbursement, and Empire properly complied with this duty. Other than its assertion that Empire should have paid it interest on the withheld funds, Mid–Island ascribes no malfeasance whatsoever to Empire. Thus, as between the blameless Empire and the delinquent Mid–Island, the Court finds that, as a matter of law, equity favors Empire over Mid–Island in the claim for interest.

Accordingly, it was not error for Judge Holland to grant summary judgment to Empire on Mid–Island's claim for interest based on a cause of action for unjust enrichment.

■ Mid–Island's claims for breach of fiduciary duty and negligence are quite similar. Mid–Island asserts that Empire became a fiduciary, holding the withheld funds in trust for Mid–Island, and that it breached its duty of care by failing to invest the funds and secure the interest. However, as the Court discussed previously, the Court construes the withheld funds as a trust for the benefit of the State, not for Mid–Island, and to the extent Empire owed a duty to anyone with regard to the funds, it was to the State. Notably, it is the State, not Mid–Island, that determines when the withholding should begin and when the funds should be released. Moreover, as Judge Holland pointed out, the regulation is silent on whether the withheld funds should generate interest, and Mid–Island has failed to point to any communication it had with Empire in which it requested that the funds be invested. Notably, Empire had the funds in its posses-

sion beginning in 1989, yet Mid–Island has not established that it ever requested Empire to pay over the accumulating interest at any time. Mid–Island's failure to do so is strong evidence that no party ever considered Empire to be bound, by regulation, common law duty, or otherwise, to invest the funds for Mid–Island's benefit or to be responsible for interest payments.

Accordingly, the Bankruptcy Court did not err in granting summary judgment to Empire on Mid–Island's state law claims with regard to its claim for interest payments.

## *CONCLUSION*

For the foregoing reasons, the oral decision of Judge Holland granting Empire's motion for summary judgment on Mid–Island's October 6, 1998 complaint seeking an award of interest from Empire on the withheld funds is AFFIRMED. The Clerk of the Court is directed to close this case.

**SO ORDERED.**