▮ ANNE M. FREEMAN, as Administrator of the Estate of CHARLES H. TOWNSEND, Deceased, Respondent, v NBT BANK, Appellant. [863 NYS2d 506]—

---

Kavanagh, J. Appeal from a judgment of the Supreme Court (Devine, J.), entered July 10, 2007 in Schoharie County, which, among other things, denied defendant's cross motion for summary judgment.

In June 1987, decedent opened a checking account at Central National Bank. On the signature card, decedent indicated that no right of survivorship was intended on the account. Thereafter, Central National Bank merged with defendant and, in December 2001, decedent added his sister, Jessie Tilison, as a signatory on the account. Decedent died in February 2003 and, two weeks later, Tilison withdrew all of the funds that remained in the account—$46,425.63—and the account was closed. Plaintiff, as administrator of decedent's estate, commenced this action against defendant seeking recovery of the money that defendant paid to Tilison. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment seeking dismissal of the complaint. While Supreme Court found the proof submitted in support of plaintiff's motion to be insufficient, it nonetheless granted summary judgment in plaintiff's favor based on the documentary evidence. At the same time, the court denied defendant's cross motion and entered a judgment in plaintiff's favor. Defendant now appeals.

Even if we agree with Supreme Court that the account was a joint account for convenience with no survivorship rights, Supreme Court erred by denying defendant's motion for summary judgment. Defendant's account rules and regulations with respect to convenience accounts provide that until it receives "written notice of the death of the owner, . . . [defendant] may honor checks or orders drawn by, or withdrawal requests from, the other named person or persons [on the account] after the death of the owner." Therefore, defendant was authorized to honor Tilison's withdrawal from the account until it received written notice of decedent's death. Defendant asserts that it did not receive notice of decedent's death until after Tilison withdrew the remaining funds from the account. Plaintiff concedes that when Tilison withdrew the funds, defendant had not received written notice of defendant's demise and, in fact, did not know that his death had occurred. Therefore, under defendant's rules governing this account, defendant properly honored Tilison's request to withdraw the funds (*see e.g. Russello v Highland Natl. Bank of Newburgh*, 56 AD2d 772 [1977]).

The fact that defendant also allowed Tilison to close the ac-

count does not require a different result. While defendant's rules governing this account did not authorize Tilison to close the account, the act of closing the account was not what caused plaintiff's damages. Rather, plaintiff's damages were caused by Tilison's request to withdraw the funds, which defendant had a legal obligation to honor at the time the request was made. Because defendant's rules regarding joint convenience accounts authorize it to honor withdrawal requests by an added signatory to the account until it receives written notice of the owner's death, and because defendant did not have written notice of decedent's death at the time it honored Tilison's request to withdraw the funds from the account, as a matter of law, there can be no liability based on defendant's payment of the funds to Tilison. Therefore, defendant is entitled to summary judgment dismissing plaintiff's complaint (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Lawyers' Fund for Client Protection of State of N.Y. v Gateway State Bank*, 273 AD2d 565, 567 [2000].

Mercure, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is reversed, on the law, with costs, plaintiff's motion for summary judgment denied, defendant's cross motion granted, summary judgment awarded to defendant and complaint dismissed.