■ CHENEISE E. CAREY, Appellant, v EMPIRE PARATRANSIT CORP. et al., Respondents. [925 NYS2d 455]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about September 15, 2010, which, in an action for personal injuries, granted defendants' motion to transfer venue from Bronx County to New York County, unanimously affirmed, without costs.

CPLR 502 governs the instant case and not McKinney's Consolidated Laws of NY, Book 1, Statutes § 238, since CPLR 502 directly address the situation herein, namely, conflicting venue provisions "because of joinder of claims or parties" (CPLR 502). Accordingly, the motion court was well within its discretion "to lay venue in a location appropriate 'to at least one of the parties or claims' " (*Bennett v Bennett,* 49 AD3d 949, 950 [2008], quoting CPLR 502; *see Lawyers' Fund for Client Protection of State of N.Y. v Gateway State Bank*, 239 AD2d 826, 828 [1997], *lv dismissed* 91 NY2d 848 [1997]; CPLR 505 [a]).

Although defendants did not explicitly reference CPLR 502 in their submissions to the motion court, that does not preclude its application on appeal. Defendants noted the conflict between CPLR 505 (a) and (b), and the application of CPLR 502 is a purely legal determination involving no new facts. Its applicability is apparent and it could not have been avoided if raised at the proper juncture (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Acosta, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.