13-576-cv
Mitchell v. Faulkner

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand thirteen.

PRESENT: RALPH K. WINTER,
         RICHARD C. WESLEY,
         SUSAN L. CARNEY,
              *Circuit Judges.*

_____

IAN MITCHELL, GORDON CLARK, and PAT MCGLYNN,

                    *Plaintiffs-Appellants,*

        -v.-                            No. 13-576-cv

ERIC FAULKNER, DUNCAN FAURE, ALAN LONGMUIR, DEREK LONGMUIR, LESLIE MCKEOWN, STUART WOOD, AND ARISTA RECORDS, LLC,

                    *Defendants-Appellees.*

_____

FOR APPELLANT:     ERIC M. SCHIFFER, Schiffer & Buus, APC,
                   Costa Mesa, CA (William Buus, Schiffer &
                   Buus, APC, Costa Mesa, CA; Wolfgang
                   Heimerl, New York, NY, *on the brief*).

FOR APPELLEES:     ROBERT J. BURNS (Joshua C. Krumholz, J.
Mitchell Herbert, Jr., *on the brief*),
Holland & Knight LLP, Boston, MA.

Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order is **AFFIRMED**.

Plaintiffs-Appellants Ian Mitchell, Gordon Clark, and Pat McGlynn appeal from the district court's January 15, 2013 dismissal of their case pursuant to Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Faulkner*, No. 10 Civ. 8173(LAP), 2013 WL 150254, at *4 (S.D.N.Y. Jan. 15, 2013). "We review this dismissal *de novo*, accepting all factual allegations in the complaint as true and drawing inferences from those allegations in the light most favorable to the plaintiff." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (quotation marks and alterations omitted). We assume the parties' familiarity with the facts and procedural history of the case.

In the district court, plaintiffs asserted a claim for unpaid royalties based, in the alternative, on contract and unjust enrichment. Such an alternative pleading is permissible under New York law. *See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d

2

573, 586 (2d Cir. 2006). However, the contract claim failed because "any agreement to pay royalties extending beyond one year must be in writing to satisfy the statute of frauds." *Sirico v. F.G.G. Prods., Inc.*, 71 A.D.3d 429, 434 (1st Dep't 2010). Plaintiffs now appeal only the dismissal of the unjust enrichment claim, which, they argue, avoids the statute of frauds defense and entitles them to a share of unpaid royalties.

We need not resolve this question, however, because plaintiffs' unjust enrichment claim, which premises damages on royalty payments, is barred by the statute of limitations. A claim for unjust enrichment must be based on the value of plaintiffs' contribution to the joint effort of the band at the time it made the relevant records, not on the income stream resulting from a revival over thirty years later. That contribution and the failure of the defendants to pay for the value of the effort occurred well over six years ago and is barred by the statute of limitations. N.Y.C.P.L.R. § 213; *see Lawyers' Fund for Client Prot. of the State of New York v. Gateway State Bank*, 239 A.D.2d 826, 827 (3d Dep't 1997); *Rosner v. Codata Corp.*, 917 F.Supp. 1009, 1021 (S.D.N.Y. 1996); *see also Sirico*, 71 A.D.3d at 435.

We have considered all of plaintiffs' arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk